PACE, Plaintiff-Appellee, v. BUCK, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 4069. Decided February 7, 1949.

Lawrence A. Ramey, Columbus, for plaintiff-appellee.
Joseph L. Stanton, Columbus, for defendant-appellant.

**OPINION**

By WISEMAN, PJ.

This is an appeal on law from the Municipal Court of Columbus which rendered a judgment in favor of the plaintiff in an action in forcible entry and detainer.

On February 4, 1946, the plaintiff obtained an order from the Office of Price Administration, Division of Rent Control, stating that an action to evict the defendant shall not be commenced sooner than three months after February 4, 1946. The three month period expired on May 4, 1946. The defendant had paid her rent up to May 1, 1946. On April 29, 1946, the plaintiff received from the defendant a money order for $30.00 for the payment of rent for the month of May. On May 7, 1946, the statutory legal notice to leave the premises was served on the defendant. The action was filed on May 20, 1946. The case was tried June 10, 1946.

The defendant-appellant has filed five separate grounds of error which raise two questions: First, whether the facts show an acceptance of rent by the plaintiff for the month

of May; and, second, whether the Court erred in refusing to allow the defendant to introduce evidence in regard to an oral contract of sale.

If the plaintiff accepted the money order for $30.00 for the payment of rent for the month of May, then, obviously, the action could not be maintained. The record shows that when the plaintiff received the money order she turned it over to her attorney who told her that he would mail it to the defendant stating that they could not accept the money order as rent. The plaintiff's attorney retained it in his files and failed to notify the defendant that the order was not accepted in payment of rent. The retention of the money order by plaintiff's attorney constituted a retention by the plaintiff. The evidence further shows that the defendant sent a second money order which was received by the plaintiff for the payment of rent for the month of June. The plaintiff returned this money order to the defendant by registered mail. The money order dated April 29, was not introduced into evidence. The plaintiff now contends that it was held for evidentiary purposes. However, the record does not support this contention. The plaintiff further contends that this money order was tendered to the defendant at the trial but, again, the record does not support this contention. During the cross-examination of the plaintiff she was questioned relative to the disposition of this money order. The record shows that at this point counsel for the plaintiff stated:

"As to that matter, I have it here and I'll tender it into court I found it on Thursday when you and I were talking."

At the conclusion of the evidence the Court rendered judgment and stated, "$30.00 money order held in court pending litigation".

The facts in this case do not show that the plaintiff or her attorney at any time notified the defendant that the money order would not be accepted in payment of rent; neither was the money order tendered to the defendant on the day of trial. A tender into court of the money order and an order of the Court holding the money order in Court pending litigation does not .constitute a tender to the defendant. The defendant did not get possession or control of the money order and was not permitted to cash it which she would be privileged to do had a sufficient tender been made to her.

Three cases in Ohio are cited: **Pillot v. Moss, 72 Oh Ap 492; Booher v. Lowe, 49 Abs 126, 82 Oh Ap 392; Hile v. Besecker,**

**50 Abs 233, 82 Oh Ap 301.** In the Pillot case the Court found that the money orders were held for evidentiary purposes and that the landlord had notified the tenant that said money orders would not be and were not accepted in payment of rent. In the Booher case the Court held that the retention of the money order by the landlord for less than one month and which was tendered back to the tenant on the day of trial did not operate as an acceptance by implication of law or by estoppel. In the Hile case the Court held that the acceptance by the landlord of the money order tendered by the tenant operates as payment of the rent in the absence of any showing that the landlord proposed to hold the money order for evidentiary purposes or that he informed the tenant that the money order would not be accepted in payment of the rent. The facts in the instant case are similar to the facts in the Hile case. The only distinguishable fact is that in the instant case the landlord tendered the money order into court. In neither case did the landlord tender the money order to the tenant.

We are of the opinion that where the landlord retains a money order received from the tenant in payment of rent and the landlord fails to notify the tenant that the money order was not accepted in payment of rent, or that it was retained for evidentiary purposes, and fails to tender the money order to the tenant on or before the day of trial, the retention of the money order constitutes an acceptance in payment of the rent. It follows that the defendant could not be legally evicted during the term for which rent was paid.

The defendant contends that the Court erred in not permitting the defendant to present evidence in chief regarding an oral contract for the purchase of said real estate. The record shows an objection was sustained and exceptions noted, but no proffer of testimony was made. In the absence of a proffer of testimony this assignment of error is not well founded.

Finding error in the record prejudicial to the defendant the judgment is reversed.

MILLER and HORNBECK, JJ, concur.