MARCHIONI *v.* WILSON ET AL.

(No. 84-CV-12020—Decided August 29, 1984.)

Hamilton County Municipal Court.

*William L. Keener,* for plaintiff.
*Stephen H. Olden,* for defendants.

HOGAN, J. This is a forcible entry and detainer action containing a first claim for restitution of the premises and a second claim for rent. Defendants, Lynette and Anthony Wilson, have filed a motion to vacate the judgment entered against them on May 3, 1984.

On May 3, the parties appeared *pro se* and the first claim for restitution of the premises was heard before a referee. At that referee's hearing, plaintiff, Kay Marchioni, testified that she had not received the defendants' rent for the month of April 1984 and had served defendants with a three-day notice to leave the premises for non-payment of rent. The notice was served on April 7, and gave defendants until April 10, 1984 to leave. Plaintiff further testified at that hearing that she received an envelope by certified mail from defendants, but that it contained only a piece of paper in it. She testified that there was no check in the envelope.

The defendants testified that they had mailed a check to plaintiff in the amount of two hundred fifty dollars, which included two hundred thirty-five dollars for the rent and an additional fifteen dollars in late fee charges. The plaintiff was informed by the court that if she retained the money, she would be obligated to dismiss the eviction action. The plaintiff reiterated that she had not received the defendants' check. The referee then stated that he was granting the writ, but that if plaintiff received the rent check she would have to return it. Plaintiff acknowledged that she would have to do that.

Following the testimony, the referee granted restitution of the premises. Final judgment on the first claim was entered by a judge later that day. Cf. *Housing Authority* v. *Jackson* (1981), 67 Ohio St. 2d 129 [21 O.O.3d 81]. Subsequently, this motion to vacate was filed and set for an evidentiary hearing.

At the hearing on this motion to vacate, plaintiff testified as before. She

added, however, that after the referee's hearing she went to her post office and found an envelope sent by ordinary mail (postmarked May 1, 1984) in her post office box. In the envelope was the check in the amount of two hundred fifty dollars from defendants. She cashed it that day. Plaintiff acknowledged that the check was dated April 12, 1984 and that she had not returned it, or the proceeds from it, to defendants.

Defendant Lynette Wilson testified to essentially the same facts as she and her husband had stated at the referee's hearing. In response to plaintiff's new testimony, defendant stated that she had mailed nothing either May 1, 1984 or at any other time after the notice to leave the premises was served, except for the check of April 12 which she mailed by certified mail on April 13. There is no dispute that plaintiff did receive an envelope by certified mail from defendants on April 14, 1984.

This court finds from the testimony and exhibits that the rent check was mailed by certified mail on April 13, 1984 and that plaintiff received it, cashed it, and retained the proceeds of it.

Civ. R. 60(B) reads, in relevant part, as follows:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; * * * (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."

Relief under this rule should be granted where (1) the movant has a meritorious defense to present, (2) the movant is entitled to relief under one of the five grounds enumerated in this rule, and (3) the motion is timely made. See *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146 [1 O.O.3d 86].

The defendants have a meritorious defense to present. Under the case of *Pace* v. *Buck* (1949), 86 Ohio App. 25 [40 O.O. 458], a landlord may be estopped from proceeding with an eviction action when the landlord has retained money received from the tenant:

"We are of the opinion that where the landlord retains a money order received from the tenant in payment of rent and the landlord fails to notify the tenant that the money order was not accepted in payment of rent, or that it was retained for evidentiary purposes, and fails to tender the money order to the tenant on or before the day of trial, the retention of the money order constitutes an acceptance in payment of the rent." *Id.* at 28.

The facts of the *Pace* case are almost identical to the facts enumerated above with regard to the present case. The defendants tendered rent money covering a period of time beyond the date the tenancy was to expire and the plaintiff-landlord accepted and retained the money. As explained in *Presidential Park Apts.* v. *Colston* (App. 1980), 17 O.O. 3d 220, there is a waiver of the notice to vacate the premises when a landlord accepts rent past the vacate date stated on the notice. Acceptance of such rent is inconsistent with the vacate notice and therefore waives it. *Id.* at 221.

In the present case, the defendants received the three-day notice to leave the premises on April 7, 1984 which terminated their tenancy as of April 10, 1984. However, the plaintiff accepted defendants' April 13 tender of rent and cashed the check on May 3, 1984.

The defendants are entitled to relief under two of the five grounds enumerated in Civ. R. 60(B), namely sec-

tions (3) and (5). Under Civ. R. 60(B)(3), the judgment against the defendants was caused by the misconduct of the adverse party. That is, the plaintiff testified that the rent had not been received and, therefore, she was not retaining it. She also acknowledged that she would have to return the check if she received it, but then refused to do that. She cashed the check on May 3, 1984. She has not returned the proceeds. Also, Civ. R. 60(B)(5) is the "catchall" section and reflects the court's inherent power to relieve a party from an unjust judgment. This judgment is unjust for the reasons stated above.

Finally, it is clear that this motion is timely filed. Both the one-year limitation applicable in section (3) and the "reasonable time" provision applicable to section (5) are satisfied.

Defendants have complied with the three criteria required before relief may be granted pursuant to Civ. R. 60(B). Defendants stated a meritorious defense, set forth grounds for relief under the rule, and filed a timely motion. For these reasons, the motion is well-taken and the judgment is vacated.

*Motion to vacate judgment granted.*