LARSON, D.B.A. J-MAR SERVICES, APPELLEE, *v.* UMOH, APPELLANT.

(No. 51304 — Decided
December 22, 1986.)

*Edward M. Graham,* for appellee.
*Kronenberg & Kronenberg,* and
*Jacob A. H. Kronenberg,* for appellant.

MARKUS, C.J. Defendant Gabriel Umoh appeals the trial court's denial of his motion for relief from judgment. For the reasons adduced below, the trial court's judgment is affirmed.

I

The record reveals that on August 6, 1985, James E. Larson, d.b.a. J-Mar Services, filed a complaint in forcible entry and detainer seeking an order of eviction and past-rent due from Gabriel Umoh.[1] The plaintiff also alleged in the complaint that Umoh had been served with a notice in writing to leave the premises on July 28, 1985.

Service of the complaint and summons by certified mail was returned "unclaimed." Pursuant to the plaintiff's request, service of the complaint and summons was then made by regular mail on August 21, 1985.

A hearing on the matter took place on August 27, 1985 before a referee. (The defendant was not present at the hearing.) On August 28, 1985, the trial court approved the referee's recommendation and found for the plaintiff.[2] Subsequently, on September 26, 1985, the trial court dismissed for want of prosecution the remaining issue to be resolved.[3]

Gabriel Umoh filed a motion for relief from judgment on November 8, 1985, alleging he was entitled to relief pursuant to Civ. R. 60(B)(1) and (3). Attached to the motion was an affidavit of Gabriel Umoh which provided in pertinent part:

"3. He formerly resided at 7919 Lake Avenue, Apartment 201, Cleveland, Ohio 44102, in accordance with a month-to-month lease requiring him to pay One Hundred Eighty Dollars ($180.00) per month rent which was due on the 14th of each month.

"* * *

"5. In late July 1985, he paid One Hundred Dollars ($100.00) towards the rent due July 14, 1985.

"6. Shortly thereafter, he received word from his family in Nigeria that his presence was required there.

"7. He made arrangements to leave for Nigeria on August 6, 1985, and to return in early September 1985.

"8. On August 5, 1985, he saw plaintiff James Larson and gave him in cash the balance of Eighty Dollars ($80.00) due on the July 14th rent; plaintiff told him that the manager/custodian would drop a receipt off at defendant's apartment later.

"9. During that same conversation, he told plaintiff that he would be returning to Nigeria the next day for approximately a month.

"10. He never received any notice to leave premises and did not get the receipt plaintiff promised.

"11. He was in Nigeria from the day the action was filed through the day the writ was issued and returned from Nigeria on September 9, 1985.

"12. He found himself on Sep-

---

[1] Umoh was renting an apartment from J-Mar Services which was located at 7919 Lake Avenue, Cleveland.

[2] The referee's report and recommendation are not contained in the record before this court.

[3] The trial court's entry of August 28, 1985 did not resolve the plaintiff's monetary claim for past-due rent. Therefore, it must be presumed that it is that claim which was dismissed for want of prosecution.

tember 16, 1985, forcibly excluded from the premises he rented causing him to lose most of his possessions."

The plaintiff did not respond to the defendant's motion.

The trial court, in an entry filed for journalization on November 14, 1985, denied the defendant's motion for relief from judgment. Umoh filed a timely appeal from the trial court's judgment and raises a single assignment of error.

## II

Assignment of Error:

"The trial court erred in denying appellant's motion for relief from judgment."

Before considering the merits of the appellant's assignment of error, we must address a preliminary issue raised by the appellee. The appellee suggests that Civ. R. 60(B) is not applicable in forcible entry and detainer actions. We disagree.

First, the appellee's argument was not raised before the trial court and, thus, the issue is not properly before this court. (As noted earlier, the appellee did not respond to appellant's Civ. R. 60[B] motion.) Further, even assuming that the issue is properly before this court, we must conclude that it lacks merit.

Civ. R. 1(C) provides in pertinent part:

"(C) Exceptions. These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * (3) in forcible entry and detainer * * *."

The language of Civ. R. 1(C)(3) does not impose a complete bar to the application of the Rules of Civil Procedure to forcible entry and detainer proceedings. Instead, it imposes a bar to the application of those rules which by their nature are "clearly inapplicable." In *Siegler* v. *Batdorff* (1979), 63 Ohio App. 2d 76, 17 O.O. 3d 260, 408 N.E. 2d 1383, this court identified

two situations in which a rule could be found to be clearly inapplicable. The court in *Siegler* stated as follows:

"* * * One situation in which the Civil Rules would be clearly inapplicable is when the proceeding is established by a statute which also sets out specific procedures to be followed. See, *e.g.*, R.C. 1923.07 (proceedings on default of defendant). The Civil Rules will also be inapplicable if their application would frustrate the purpose of the proceeding. *State, ex rel. Civil Rights Comm., v. Gunn* (1976), 45 Ohio St. 2d 262, 266-267." *Id.* at 80, 17 O.O. 3d at 262, 408 N.E. 2d at 1386.

Our review of the forcible entry and detainer statute reveals no specific procedures relating to vacating judgments. Thus, we are left to consider whether the application of Civ. R. 60(B) would frustrate the purpose of the eviction proceeding.

In *Housing Authority* v. *Jackson* (1981), 67 Ohio St. 2d 129, 21 O.O. 3d 81, 423 N.E. 2d 177, the court held Civ. R. 53(E), which requires a fourteen-day delay between the filing of the report by the referee and the final judgment, and Civ. R. 54(B), involving judgment on multiple claims, are inapplicable in forcible entry and detainer actions on the authority of Civ. R. 1(C) since their application would hinder the summary nature of the eviction proceedings. In contrast, the court in *Siegler, supra,* held Civ. R. 56 to be applicable because it helps facilitate the summary nature of a forcible entry and detainer action.

We conclude that in appropriate cases Civ. R. 60(B) can permit courts to vacate evictions ordered pursuant to R.C. Chapter 1923. However, Civ. R. 60(B) should not apply to such cases when it disrupts the statutory purpose of R.C. Chapter 1923, i.e., " 'to provide a summary, extraordinary, and speedy method for the recovery of possession of real estate.' " *Housing*

*Authority* v. *Jackson, supra,* at 131, 21 O.O. 3d at 83, 423 N.E. 2d at 179.

After the landlord evicts a tenant and undertakes to relet the premises, a delayed Civ. R. 60(B) motion disrupts the statutory purpose for eviction actions. It disrupts that purpose by creating uncertainty about possession after it has been transferred to the landlord or a new tenant. The longer the delay, the greater the resulting disruption. By contrast, the stay of an eviction order pending a timely appeal maintains the tenant's possession with sufficient security to protect the landlord's rights, until the dispute has been resolved.

Hence, the trial court should weigh such delay heavily against granting relief from an eviction judgment. Otherwise, an order granting relief from an eviction can impair a new tenant's rights, as well as the landlord's interests.

The trial court has some latitude or discretion in deciding whether the proffered evidence justifies an order to vacate a valid judgment. *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146, 1 O.O. 3d 86, 351 N.E. 2d 113; *Adomeit* v. *Baltimore* (1974), 39 Ohio App. 2d 97, 68 O.O. 2d 251, 316 N.E. 2d 469. Although the appellant demonstrated a ground for relief under Civ. R. 60(B)(1) and a potentially meritorious defense, we cannot say that the court abused its discretion here by denying this motion as untimely.

The appellant filed his motion seventy-two days after the entry of judgment, sixty days after he returned to the residence subject to the eviction order, and fifty-three days after the bailiff physically removed his belongings from those premises. He stated no justification for his fifty-three-day delay after he clearly knew about the eviction, assuming that he did not know about it earlier.

This court has held that an unjustified four-month delay necessarily precludes relief from a money judgment. *Mount Olive Baptist Church* v. *Pipkins Paints* (1979), 64 Ohio App. 2d 285, 289, 18 O.O. 3d 319, 321, 413 N.E. 2d 850, 854. It has even been held that an unjustified delay for two and one-half months is unreasonable as a matter of law. *Zerovnik* v. *E. F. Hutton & Co.* (June 7, 1984), Cuyahoga App. No. 47460, unreported. Further, we affirmed the denial of relief from a money judgment when the movant failed to justify his fifty-one-day delay in seeking that relief. *Riley* v. *Heritage Mut. Ins. Co.* (Sept. 25, 1986), Cuyahoga App. No. 50972, unreported.

The appellant does not challenge the trial court's jurisdiction to enter the eviction judgment. Indeed, a motion for relief from the judgment could not substitute for an appeal to challenge the court's jurisdiction, if the record demonstrated a jurisdictional defect. Hence, the judgment was legally valid.

Where special considerations militate strongly for limiting the time to vacate a valid judgment, the court can reject a motion that might be timely in other circumstances. We affirm this judgment on the ground that the trial court did not abuse its discretion by denying the tenant's Civ. R. 60(B) motion fifty-three days after he lost possession of the premises.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

PRYATEL, J., concurs.

PARRINO, J., dissents.

PARRINO, J., dissenting. For the reasons herein stated I respectfully dissent.

I agree with the majority's decision that a motion to vacate judgment made pursuant to Civ. R. 60(B) may be filed by an evicted tenant in a forcible entry and detainer action and that such relief is not precluded by the exception recited in Civ. R. 1(C)(3). I further agree that appellant, in his motion to vacate judgment, satisfied the first prong of Civ. R. 60(B)(1) when he alleged that he did not receive a three-day notice of eviction and that he was not in this country on the day the eviction proceeding was had.

Appellant also satisfied the second requirement for a motion to vacate judgment by stating in an affidavit filed by him in support of his motion that his rent was paid in full at the time he was evicted and that shortly prior to making that payment he informed appellee that he was required to travel to the country of Nigeria for a short time on an emergency matter. Appellee did not file a reply to this motion. Nor did he file any affidavit or other material refuting appellant's claims. In this posture it would appear that appellant had a meritorious defense to the eviction action taken against him and that he was wrongfully evicted.

The third requirement of a motion to vacate is that it must be filed within a reasonable time and a motion filed under Civ. R. 60(B)(1) must be filed not more than one year after judgment. The majority concludes appellant's motion was untimely since it was filed seventy-two days after judgment. I disagree.

I concede that there are instances where a motion to vacate judgment may be properly denied because it was filed untimely, notwithstanding the fact that it was filed within one year of the entry of judgment. *Mount Olive Baptist Church* v. *Pipkins Paints* (1979), 64 Ohio App. 2d 285, 18 O.O. 3d 319, 413 N.E. 2d 850; *Zerovnik* v. *E. F. Hutton & Co.* (June 7, 1984), Cuyahoga App. No. 47460, unreported; and *Riley* v. *Heritage Mut. Ins. Co.* (Sept. 25, 1986), Cuyahoga App. No. 50972, unreported. However, I find it to be significant that appellant was outside the country at the time of his eviction and at that time, based on his unrebutted affidavit, his rent for the period of time in question was paid in full. Under the unusual facts in this case it is my opinion that appellant filed his motion to vacate judgment within a reasonable time. Hence, he met all of the requirements of Civ. R. 60(B).

Under these circumstances is appellant to be left without remedy? I think not. The provisions of Civ. R. 60(B) must be liberally construed and applied. See *Svoboda* v. *Brunswick* (1983), 6 Ohio St. 3d 348, 6 OBR 403, 453 N.E. 2d 648. While I recognize the right of a landlord to have prompt repossession of his property from a defaulting tenant, I must also recognize the rights of a tenant who is improperly evicted. The landlord here has provided this court with no evidence of any hardship which would accrue to him by the grant of appellant's motion to vacate. It must be recognized that there are some cases where the grant of a tenant's motion to vacate judgment is both appropriate and required. *Marchioni* v. *Wilson* (1984), 20 Ohio Misc. 2d 10, 20 OBR 276, 485 N.E. 2d 1073. I believe this is one of those cases.

Accordingly, I would reverse this judgment and remand this cause to the trial court for further proceedings according to law.