MARION GREEN APARTMENTS *v.*
WALTER ET AL.

(No. 88 CVG 9975—Decided
June 14, 1988.)

Marion Municipal Court.

*James Luton,* for appellant.
*Mitchell Libster,* for defendants.

ROGERS, J. This matter came before the court for consideration of defendants' objections filed to the referee's report. Plaintiff's complaint in forcible entry and detainer was heard before the referee of the Marion Municipal Court on May 13, 1988. On the same date, the court reviewed the referee's findings and recommenda-tion and adopted the referee's recommendation as the judgment of this court. Thereafter, on May 18, 1988, the defendants filed objections to the referee's report and requested a stay of judgment pending the court's ruling on those objections. Subsequently, the defendants supplemented their arguments and objections by memorandum.

In considering the defendants' objections, the court finds that it is first necessary to determine whether it is, in fact, appropriate to allow objections to the referee's report pursuant to Civ. R. 53(E).

In *Cuyahoga Metropolitan Housing Authority* v. *Jackson* (1981), 67 Ohio St. 2d 129, 21 O.O. 3d 81, 423 N.E. 2d 177, the court held Civ. R. 53(E), which requires a fourteen-day delay between the filing of the report by the referee and the final judgment, inapplicable to forcible entry and detainer actions on the authority of Civ. R. 1(C), since its application would hinder the summary nature of the eviction proceeding. Subsequent to the decision in *Jackson,* Civ. R. 53(E) was amended and subsection (7) was added to provide for interim orders. In effect, this allowed the court to immediately review and approve the referee's report and recommendation and enter final judgment while providing that judgment would be stayed if objections were then filed. The issue before this court then becomes whether this

1

amendment to Civ. R. 53(E) renders that rule applicable to actions in forcible entry and detainer. The decision of this court is that it does not and that Civ. R. 53(E)(2) (objections to report) remains inapplicable to actions in forcible entry and detainer.

In so deciding, the court is cognizant of the decision by the Court of Appeals for Franklin County which holds otherwise. In *Crossroads Somerset LTD v. Newland* (1987), 40 Ohio App. 3d 20, 25, 531 N.E. 2d 327, 332, the court made the following announcement:

"In examining amended Civ. R. 53 (E), we find that the element of delay which formed the basis for the *Jackson* decision has been eliminated. In its amended form, Civ. R. 53(E) allows judgment to be taken as quickly as under *Jackson.*

"Nonetheless, plaintiff contends that even amended Civ. R. 53(E) causes unnecessary and prejudicial delay by allowing a party to postpone execution on a judgment simply by filing what may amount to frivolous objections. Plaintiff's contention is not well-taken. Indeed, we will not eliminate a party's opportunity to validly contest a referee's report simply because some post-judgment delay results. A similar delay occurs when a judgment in an eviction action is appealed; yet, that delay does not justify abolishing or amending the appellate procedure. Moreover, to the extent an attorney files frivolous objections, he or she is subject to the sanctions specified under Civ. R. 11.

"In the final analysis, we conclude that amended Civ. R. 53(E) specifically addresses and remedies the faults *Jackson* found with pre-amendment Civ. R. 53(E). Inasmuch as we see no reason that the amended version should not apply to forcible entry and detainer actions, the trial court erred in refusing to consider defendant's objections under the parameters of amended Civ. R. 53(E)."

The Marion Municipal Court is not bound by the findings of the Tenth District Court of Appeals since Marion County is located in the Third Appellate District. We are, however, bound to consider the opinions of other appellate districts as "persuasive authority." Supreme Court Rules for the Reporting of Opinions, Rule 2(G)(2). Considering the issue at hand, the court has serious concerns that parties may file objections for the sole purpose of delay and we are not thoroughly convinced that the possibility of sanctions under Civ. R. 11 will prevent parties from seeking such delays. Our major concern, however, is the protection of the interests of the parties involved. In that respect, we note the difference between the status of the parties during the period of consideration of the objections and while pending appeal.

Civ. R. 53(E)(7), if applicable, would allow the parties to stay the enforcement of the judgment for a considerable period of time with no security provided to the party in whose favor the original judgment had been granted. An appeal, however, provides an appropriate procedure for the posting of security to protect that party. This concern has been recognized by the Eighth District Court of Appeals in the case of *Larson* v. *Umoh* (1986), 33 Ohio App. 3d 14, 514 N.E. 2d 145. While the concern of the appellate court in that case was specifically directed towards the applicability of Civ. R. 60(B), Judge Markus in his decision made the following observation:

"After the landlord evicts a tenant and undertakes to relet the premises, a delayed Civ. R. 60(B) motion disrupts the statutory purpose for eviction actions. It disrupts that purpose by creating uncertainty about possession

after it has been transferred to the landlord or a new tenant. The longer the delay, the greater the resulting disruption. By contrast, the stay of an eviction order pending a timely appeal maintains the tenant's possession with sufficient security to protect the landlord's rights, until the dispute has been resolved." *Id.* at 17, 514 N.E. 2d at 148.

This court finds Judge Markus's concerns to be equally applicable in the case at bar. The court finds that the concerns of the *Jackson* court have not been resolved by the amendment of Civ. R. 53(E) and, in fact, may actually have been aggravated by the amendment of Civ. R. 53(E)(2), which now includes an additional ten-day period for response to objections.

In view of the above, the court finds Civ. R. 53(E)(2) and (7) are not applicable and that it is not appropriate for this court to consider objections to the referee's report in an action for forcible entry and detainer. Therefore, defendants' objections are overruled and dismissed. It is further ordered that the stay of judgment entered by this court on May 18, 1988, is hereby terminated and the bailiff is directed to proceed with the enforcement of the writ of restitution.

*Judgment accordingly.*