OPINION
Appellant Dan Paden appeals the judgment of the Cambridge Municipal Court denying his motion for relief from judgment. Appellee is Mose Miller, the owner of the property at issue. The relevant facts leading to this appeal are as follows. Appellee is the owner of real property located at 72375 Birmingham Road in Kimbolton, Ohio. In 1996, appellant became interested in purchasing the property. At that time, the owner was Viola Bradfield. Appellant initially gave Viola $500 as a down payment, then asked appellee to loan him the remainder of the purchase price, which apparently was in the neighborhood of $20,000. After a series of intervening transactions, appellee actually obtained title to the land, after which appellant and appellee entered into an agreement whereby appellant would buy the land from appellee for the sum of $16,000. This agreement was reached in May, 1997. Appellant took charge of the land and made various improvements thereon, including the construction of a house and placement of a house trailer. A dispute eventually developed on the issue of cutting the timber on the land. Partially as a result of their disagreement, appellee filed an action for forfeiture and restitution of premises in the Cambridge Municipal Court on August 20, 1999. The complaint alleged that the property was the subject of a land contract between appellant and appellee, and that appellant had defaulted on said land contract by failing to pay on the contract since October 1998. The hearing on the complaint was scheduled for September 16, 1999, at which time both parties appeared with counsel. Appellant's then-counsel indicated to the court that he felt he was entitled to a pretrial hearing and further opportunity for discovery. The trial court denied his request, at which time he walked out of the courtroom, with appellant following. Tr. September 16, 1999, at 4-6. The court proceeded in their absence, resulting in the issuance of a magistrate's decision on September 21, 1999. In that decision, the magistrate found that the documentation presented did not meet the requirements of a land contract. However, the magistrate found that the agreement between the parties was in the nature of a rental agreement, and that appellant had failed to abide by its terms. The magistrate recommended a judgment against appellant and restitution of the premises in favor of appellee. The decision directed that a writ of restitution would issue with a vacate date of October 4, 1999. The trial court judge adopted the decision of the magistrate on September 23, 1999. Neither party filed objections to the magistrate's decision. However, on September 27, 1999, appellant filed a "motion to vacate order." It read, in part: "Defendant, by and through his attorney, moves this court for an order vacating that portion of the court's order filed herein 9-23-99, which states `vacate date 10-4-99 at 2:00 p.m.'" The trial court denied the motion to vacate on September 29, 1999. On October 1, 1999, appellant filed a notice of appeal of the judgment entry of September 23, 1999. He also applied for stay of the judgment, which the trial court granted on October 4, 1999. Appellant also attempted to present a supersedeas bond; however, in an order filed October 14, 1999, the court found the supersedeas bond, as filed, "insufficient in form and as to security." Nonetheless, the court extended the stay through October 22, 1999. On October 28, 1999, the court recognized the termination of the stay and found that appellant had failed to file a proper bond. The court again issued a writ of restitution, this time with a vacate date of November 5, 1999. Meanwhile, on November 1, 1999, this court dismissed appellant's first appeal upon the appellant's own motion. On November 9, 1999, appellant, with new counsel, filed a motion for relief from judgment of the judgment entry of September 23, 1999, pursuant to Civ.R. 60(B)(5), citing, inter alia, inexcusable neglect by appellant's prior counsel. On December 8, 1999, the trial court denied appellant's motion for relief from judgment. Appellant timely appealed and herein raises the following three Assignments of Error:
 I. THE TRIAL COURT'S DECISION OVERRULING THE MOTION FOR RELIEF FROM JUDGMENT BECAUSE HE BELIEVED IT TO BE A "SUBSTITUTE FOR THE APPEAL" IS ERRONEOUS.
 II. THE TRIAL COURT'S DECISION THAT "OHIO LAW IS CLEAR THAT CIVIL RULE 60(B) IS NOT APPLICABLE TO FORCIBLE ENTRY AND DETAINER ACTIONS" IS CLEARLY IN ERROR.
 III. THE TRIAL COURT'S DECISION TO IMPUTE THE NEGLIGENCE OF APPELLANT'S ATTORNEY TO APPELLANT, AND THUS DENY APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT WAS ERRONEOUS.
 I, II, III
We will address all three Assignments of Error together. Appellant asserts that the trial court erred in its denial of his attempt to vacate the judgment entry of September 23, 1999, granting eviction. We disagree. The remedy of Civ.R. 60(B) in forcible entry and detainer actions should be utilized cautiously, given the practical effects of these court actions on tenants and property owners. In Larson v. Umoh (1986), 33 Ohio App.3d 14, the Court succinctly noted: After the landlord evicts a tenant and undertakes to relet the premises, a delayed Civ.R. 60(B) motion disrupts the statutory purpose for eviction actions. It disrupts that purpose by creating uncertainty about possession after it has been transferred to the landlord or a new tenant. The longer the delay, the greater the resulting disruption. * * *.
Hence, the trial court should weigh such delay heavily against granting relief from an eviction judgment. Otherwise, an order granting relief from an eviction can impair a new tenant's rights, as well as the landlord's interests.
Id. at 17.
Moreover, appellant's 60(B) motion of November 9, 1999 seeks to vacate the same judgment of September 23, 1999, which appellant has already unsuccessfully attempted to vacate by motion. "When a motion to vacate or for relief from judgment has been denied, principles of res judicata prevent relief on successive, similar motions raising issues which were or could have been raised originally." Brick Processors, Inc. v. Culbertson (1981), 2 Ohio App.3d 478, paragraph one of the syllabus. As we have noted, the trial court denied the first motion to vacate on September 29, 1999, and appellant apparently chose to dismiss his appeal therefrom on November 1, 1999. We find that the main issues raised in the November 9, 1999 Civ.R. 60(B) motion, i.e., the arguments regarding appellant's prior counsel's handling of the case, could easily have been raised in the first motion to vacate, even if, in practical terms, it would have required a new attorney to do so.
Finally, even if we were to ignore res judicata principles in this matter, we would be disinclined to accept appellant's further assertion that his prior counsel's misfeasance should not be imputed to him. The Ohio Supreme Court has directed that, "[a]s a general rule, the neglect of a party's attorney will be imputed to the party for the purposes of Civ.R. 60(B)(1)." Automatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, 152. The Court adhered to the reasoning of the United States Supreme Court in Link v. Wabash R. R. Co. (1962), 370 U.S. 626, which declared: There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney. Id. at 633-34.
Although appellant has directed us to several unreported cases from other jurisdictions in Ohio, this court has been reluctant to open the door to an "inexcusable neglect" rationale for vacating prior orders under Civ.R. 60(B)(5), absent a showing of fraud on the part of the movant's counsel. See Camp Tuscazoar Foundation, Inc. v. Comer, II. (March 19, 1997), Tuscarawas App. No. 96AP050048, unreported. The trial court did not err in denying relief from judgment to appellant. Appellant's Assignments of Error One, Two and Three are hereby overruled. For the reasons stated in the foregoing opinion, the decision of the Cambridge Municipal Court, Guernsey County, Ohio, is hereby affirmed.
FARMER, P.J., concurs. EDWARDS, J., concurs separately.