OPINION
Appellant, Diane L. Cryer, appeals the April 30, 2001 judgment entry of the Lake County Court of Common Pleas overruling her motion for relief from judgment.
On May 1, 1996, appellee, Jerry P. Shell, filed a complaint for partition against his former wife, appellant, for real estate they purchased in Perry, Ohio, in 1974 ("the Perry property"). The matter was sent to arbitration on January 21, 1998. On April 29, 1998, the arbitrator found that: (1) the property was jointly owned by appellant and appellee; (2) the property must be sold; and (3) the proceeds be divided equally between appellant and appellee. On May 26, 1998, appellant appealed the decision of the arbitrator. On May 28, 1998, appellee cross-appealed the arbitrator's award. The case was heard at a bench trial on September 17, 1999, December 10, 1999, and continued on February 18, 2000, when a settlement agreement was read into the record.[1]
On June 16, 2000, appellee filed a motion to reopen his case in bankruptcy court to add the Perry property to his schedule, and he filed a motion to stay. The trial court denied appellee's motion to stay. On June 26, 2000, appellant filed a motion for attorney fees and for money damages. The trial court denied appellant's motion.
A consent judgment entry reflecting the settlement agreement was journalized on July 5, 2000. Appellant filed a motion for relief from judgment on December 4, 2000. The trial court overruled the motion on April 30, 2001, based on its untimeliness. Appellant timely filed the instant appeal and now assigns the following as error:
 "[1.] The trial court abused its discretion in failing to hold a hearing on [a]ppellant's motion for relief from judgment pursuant to [Civ.R.] 60(B).
 "[2.] The trial court abused its discretion in failing to vacate the July 5, 2000 [judgment] entry."
 As appellant's assignments of error are interrelated, they will be addressed in a consolidated manner. In the first assignment of error, appellant asserts that the trial court abused its discretion by not holding a hearing on her Civ.R. 60(B) motion. In appellant's second assignment of error, she argues that the trial court abused its discretion by not vacating the July 5, 2000 entry.
To prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense if relief is granted, (2) entitlement to the relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) timeliness of the motion.GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus. The decision to grant or deny a motion for relief from judgment is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion connotes more than an error of law or of judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
All three requirements of the GTE test must be met to prevail on a motion for relief from judgment. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20. Such a motion must be given a sparse application, and the grounds for its use should be substantial, not merely a substitute for an appeal. Caruso-Ciresi, Inc. v. Lohman (1983),5 Ohio St.3d 64, 66. In addition, a Civ.R. 60(B)(5) motion is not necessarily limited to one year from the date of judgment, as are the first three grounds, but it must be brought "within a reasonable time." The determination as to what constitutes a "reasonable time" is left to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. Miamisburg Motel v. HuntingtonNatl. Bank (1993), 88 Ohio App.3d 117, 128.
Some courts have held that unjustified delays of various amounts less than a year were untimely. See, e.g., Larson v. Umoh (1986),33 Ohio App.3d 14, 17 (motion untimely where filed seventy-two days after entry of judgment and fifty-three days after learning of the action);Mount Olive Baptist Church v. Pipkins Paints Home Improvement Ctr.,Inc. (1979), 64 Ohio App.2d 285, 289 (an unjustified four-month delay necessarily precludes relief from a money judgment). Even for the first three grounds of Civ.R. 60(B), where the rules provide for up to one year from a judgment in which to file a motion for relief from judgment, when a party learns of grounds to set aside a judgment within a month of that judgment, but waits until the last day before the year is up to file, the motion may be considered to have been brought too late. Staff Notes, Civ.R. 60(B). Adomeit v. Baltimore (1974), 39 Ohio App.2d 97, 106.
In Adomeit, 39 Ohio App.2d at 103-104, the court stated that:
 "[e]ven though there is no requirement that the movant submit an affidavit or other material with his motion, because he has the burden of proof and is not automatically entitled to a hearing, good legal practice dictates that the movant must do all that he can to present allegations of operative facts to demonstrate that he is filing his motion within a reasonable period of time; that he is entitled to relief for one of the grounds specified in Civil Rule 60(B)(1) through (5); and that he has a valid defense.
 "Since the movant has the burden of proof, he must present sufficient factual information to warrant a hearing on the motion. He should not take the risk of relying on filing a motion for relief from judgment with little or no facts and conclusions of law."
 In the case at bar, the trial court overruled appellant's Civ.R. 60(B) motion because it was not filed within a reasonable time. It is our view that appellant did not offer any operative facts or evidential material in her December 4, 2000 motion to demonstrate that her motion was timely. However, assuming arguendo that appellant's motion was timely, it is our view that appellant has not demonstrated the other two prongs of the GTE test.
Turning to the first requirement of the GTE test, appellant did not submit evidential material that she had a meritorious claim. Appellant has not set forth any operative facts to justify vacating the judgment. At the trial, which concluded on February 18, 2000, counsel represented appellant, and an agreed judgment entry was journalized on July 5, 2000. Appellant signed the agreed judgment entry, which is a binding and enforceable agreement, and no evidence was presented that would suggest the existence of fraud, duress, overreaching, or undue influence in its execution. We conclude that appellant has failed to meet her burden of proof establishing that she had a meritorious claim to justify vacating the judgment. Therefore, appellant did not satisfy the first requirement set forth in the GTE test.
Furthermore, appellant sought relief from judgment under Civ.R. 60(B)(1), which provides that a court may relieve a party from a final judgment on the basis of "mistake, inadvertence, surprise or excusable neglect." Appellant alleges mistake because of appellee's failure to perform by holding her harmless with respect to encumbrances, paying the mortgage for March, April, and May 2000, and not transferring title within ninety days. Yet, she did not establish evidentially that there was any mistake, surprise, or excusable neglect. Hence, appellant has failed to present any operative facts, which would entitle her to relief under Civ.R. 60(B)(1). Also, appellant has not shown that she is entitled to the relief under one of the grounds set forth in Civ.R. 60(B)(2) through (5). Thus, appellant did not meet the second prong of the GTE test. This court has carefully reviewed the record in the instant matter, and it is our view that there was no abuse on the part of the trial court.
Turning to appellant's assertion that the trial court erred by not conducting a hearing, we note that generally, a trial court has discretion whether or not to hold an evidential hearing before ruling on a motion for relief from judgment. U.A.P. Columbus JV326132 v. Plum
(1986), 27 Ohio App.3d 293, 294. Therefore, an evidential hearing is not required in cases where "the motion and attached evidentiary material do not contain allegations of operative facts which would warrant Civ.R. 60(B) relief." State ex rel. Richard v. Seidner (1997), 78 Ohio St.3d 116,117, citing S. Ohio Coal Co. v. Kidney (1995), 100 Ohio App.3d 661, 667.
Although appellant submitted an affidavit in support of her motion for relief from judgment, it is our determination that there were no items in the affidavit that provided evidential buttressing of operative facts in compliance with Adomeit, which would have required the trial court to conduct an evidential hearing on her motion had they been presented. In addition, appellant has not demonstrated how she was prejudiced by the trial court's failure to hold an evidential hearing. Accordingly, the trial court did not abuse its discretion by overruling appellant's Civ.R. 60(B) motion.
For the foregoing reasons appellant's assignments of error are not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.
PRESIDING JUDGE DONALD R. FORD, CHRISTLEY, J., GRENDELL, J., concur.
[1] The agreement stated that appellant would purchase the real estate for the sum of $75,000, and she would pay off the existing $19,000 mortgage within ninety days of February 18, 2000. During the ninety days, appellee would make the mortgage payments. Thereafter, appellee would quitclaim the premises to appellant. The entry also provided that appellee would "be responsible for any liens or encumbrances that he caused to be placed on the real estate and hold [appellant] harmless from any default thereon." Each party also agreed to be responsible for their own attorney fees.