JOURNAL ENTRY and OPINION
{¶ 1} Wendell P. Dickson, his wife, Frances Dickson, their adult children, Toi Dickson and Gia Dickson, and Philip Dickson, Gia's minor child, and Robert Jackson, foster child of Frances, all residents of a property located at 1759 Shaw Avenue, adjacent to the BP retail gasoline station located at Shaw and Euclid Avenues, appeal from a judgment of the common pleas court denying their motion for relief from a summary judgment which had been entered in favor of British Petroleum America, Inc. (BP) in the underlying toxic tort case. On appeal they contend the court erred when it denied their motion for relief from judgment.
 {¶ 2} A review of the record reveals that appellants filed suit to recover damages for alleged soil contamination due to leaking underground gasoline storage tanks. Following briefing, the court granted BP's motion for summary judgment on December 27, 2000. One year later on December 27, 2001, appellants filed their motion for relief from that judgment.
 {¶ 3} Our analysis begins with a review of Civ.R. 60(B), which provides in pertinent part:
 {¶ 4} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
 {¶ 5} "(1) mistake, inadvertence, surprise or excusable neglect; * * * The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."
 {¶ 6} In GTE Automatic Electric, Inc. v. ARC Industries, Inc.,
(1976), 47 Ohio St.2d 146, the court set forth the following test for relief from judgment in its syllabus:
 {¶ 7} "2. To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 8} As we noted in Michael Benza Assoc., Inc. v. Lombardi
(June 21, 1999), Cuyahoga App. No. 74418:
 {¶ 9} "* * * Civ.R. 60(B) specifies that motions filed pursuant to Civ.R. 60(B)(1) through (3) must be made not more than one year after the judgment, order or proceeding was entered or taken. Significantly, however, the rule also orders that the motion must be made within a reasonable time. Thus, while a party may have a possible right to file a motion to vacate a judgment up to one year after the entry of judgment, the motion is also subject to the `reasonable time' provision. Adomeitv. Baltimore (1974), 39 Ohio App.2d 97, 106. In this regard, the movant has the burden of proof, and must submit factual material which on its face demonstrates the timeliness of the motion. Id.,39 Ohio App.2d at 103."
 {¶ 10} A reasonable time must be determined under the facts of each case. Absent evidence explaining the delay, we have consistently found delays of four months or less unreasonable under Civ.R. 60(B). For example, in Larson v. Umoh (1986), 33 Ohio App.3d 14, 17, we stated:
 {¶ 11} "This court has held that an unjustified four-month delay necessarily precludes relief from a money judgment. Mount Olive BaptistChurch v. Pipkins Paints (1979), 64 Ohio App.2d 285, 289, 18 O.O.3d 319, 321. It has even been held that an unjustified delay for two and one-half months is unreasonable as a matter of law. Zerovnik v. E.F. Hutton Co. (June 7, 1984), Cuyahoga App. No. 47460, unreported. Further, we affirmed the denial of relief from a money judgment when the movant failed to justify his fifty-one-day delay in seeking that relief. Rileyv. Heritage Mut. Ins. Co. (Sept. 25, 1986), 1986 Ohio App. LEXIS 8410, Cuyahoga App. No. 50972, unreported. See, also, Natl. City Bank v.Hostelley (July 3, 1991), 1991 Ohio App. LEXIS 3292, Cuyahoga App. No. 58554, unreported."
 {¶ 12} In this case, the timeliness of the filing of appellants' motion for relief from judgment is at issue. Appellants acknowledged that they received notice of the court's summary judgment order "on or about December 28, 2000" and that they filed their motion for relief from judgment one year later on December 27, 2001. In addition, appellants failed to set forth a meritorious defense or claim as a basis for relief, they failed to identify any mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud as required by Civ.R. 60(B)(1)-(3), and they purport to use this motion as a substitution for appeal which is inappropriate. See State ex rel. Durkinv. Ungaro (1988), 39 Ohio St.3d 191, 192.
 {¶ 13} Appellants do argue in their brief that the court erred as to the controlling law. Their contention, however, merely challenges the correctness of the court's decision on the merits and could have been raised on appeal. See Blasco v. Mislik (1982), 69 Ohio St.2d 684, 686.
 {¶ 14} "In support of a Civ.R. 60(B) motion, a party may not raise issues that could have been raised upon appeal, and `errors which could have been corrected by timely appeal cannot be the predicate for a Civ.R. 60(B) motion for relief from judgment.'" Kelm v. Kelm (1992),73 Ohio App.3d 395, 399. The decision to grant or deny a Civ.R. 60(B) motion lies within the trial court's discretion, and the decision will be reversed only for an abuse of discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75.
 {¶ 15} Civ.R. 60(B) is not available as a substitute for appeal, nor can the rule be used to circumvent or extend the time for filing an appeal. Town Country Drive-In Shopping Centers, Inc. v. Abraham
(1975), 46 Ohio App.2d 262, 266. Here, appellants disregarded their obligation to file the motion within a reasonable time. The court properly denied it. Accordingly, we reject this assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J., and ANNE L. KILBANE, J., CONCUR.