OPINION
{¶ 1} Appellant, Consolidated Management, Inc. ("Consolidated"), appeals from the judgment of the Mentor Municipal Court, which granted appellees, R.C.T. Inc. ("R.C.T."), d.b.a. Schultz's Lounge, and Thomas Schultz ("Schultz"), the operator of the tavern, relief from judgment and transferred appellees' forcible entry and detainer action to the Lake County Court of Common Pleas.
 {¶ 2} Consolidated, a property management corporation, owned and leased commercial property, known as Schultz's Lounge, to appellees. On November 1, 1989, R.C.T. entered into a lease prepared by Consolidated, wherein Consolidated agreed to lease Schultz's Lounge to appellees for a five-year term. The original lease contained an option to renew for an additional five-year term. On or about August 4, 1994, Consolidated provided Schultz with a lease renewal agreement, which he signed individually and on behalf of his business, R.C.T.
 {¶ 3} During the lease term, Consolidated demolished the shopping center, where Schultz's Lounge was located, with the exception of the building containing Schultz's Lounge. A commercial building was subsequently constructed on the site.
 {¶ 4} On May 12, 1998, appellees filed a complaint in the Lake County Court of Common Pleas against Consolidated, alleging that Consolidated had unreasonably diminished the available parking during the aforementioned demolition and construction. In 1999, Schultz, acting on behalf of R.C.T., again attempted to renew the lease; however, Consolidated rejected Schultz's second renewal attempt. On July 11 1999, Consolidated filed a motion for summary judgment in the Lake County Court of Common Pleas.
 {¶ 5} Subsequently, on November 10, 1999, Consolidated filed a forcible entry and detainer action in the Mentor Municipal Court. With the complaint, Consolidated filed a motion: (1) for leave to file a motion for summary judgment, (2) to advance a hearing thereon, and, (3) for summary judgment. On November 29, 1999, appellees filed an answer and counterclaim and moved to transfer the forcible entry and detainer action to the Lake County Court of Common Pleas. On November 30, 1999, the Mentor Municipal Court denied Consolidated's motion to transfer and motion for summary judgment.
 {¶ 6} The same day, November 30, 1999, the Lake County Court of Common Pleas granted summary judgment in favor of Consolidated on the issue of whether the renewal agreement contained an option to renew. Appellees appealed that decision to this court, arguing that the court erred in granting summary judgment and finding, as a matter of law, that the renewal agreement did not contain a renewal option.
 {¶ 7} On December 9, 1999, Consolidated moved the Mentor Municipal Court to reconsider its previous denial of summary judgment. Consolidated argued that the Lake County Court of Common Pleas' November 30, 1999 judgment entry, finding there was no renewal option in the renewal agreement, precluded relitigation of the same cause of action in the Mentor Municipal Court, and, therefore, summary judgment was proper. Appellees filed a brief in opposition. The Mentor Municipal Court allowed reconsideration of Consolidated's motion for summary judgment and, on January 3, 2000, entered judgment in favor of Consolidated, granting restitution of the premises to Consolidated. On January 11, 2000, the Mentor Municipal Court awarded attorney fees to Consolidated. Appellees did not appeal from either the Mentor Municipal Court's January 3, 2000 or January 11, 2000 judgment entries, nor did they move for a stay.
 {¶ 8} On January 21, 2000, Schultz vacated the premises and, on approximately May 22, 2000, the premises were razed.
 {¶ 9} On July 3, 2001, this court found that genuine issues of material fact existed as to whether the renewal agreement included an option to renew. Accordingly, the judgment of the trial court was reversed with regard to the renewal issue, and the matter was remanded.
 {¶ 10} On July 19, 2001, appellees filed a motion in the Mentor Municipal Court seeking relief from judgment pursuant to Civ.R. 60(B)(4) and requesting that the case be transferred to the Lake County Court of Common Pleas if relief from judgment were granted.
 {¶ 11} On July 31, 2001, the Mentor Municipal Court vacated its January 3, 2000 judgment entry, granting restitution of the premises to Consolidated, and its January 11, 2000 judgment entry, awarding attorney fees, and transferred the matter to the Lake County Court of Common Pleas. From this judgment, Consolidated raises the following assignments of error:
 {¶ 12} "[1.] The trial court erred to the prejudice of Appellant by granting Appellee's Rule 60(B) Motion for Relief from Judgment because Appellee was not entitled to such relief under the rule of GTE AutomaticElectric v. ARC Industries (1976), 47 Ohio St.2d 146.
 {¶ 13} "[2.] The trial court erred to the prejudice of Appellant by granting Appellee's Rule 60(B) Motion for Relief from Judgment in respect to that court's previous order of possession because under the circumstances before the court under Civ.R. 1(C)(3), Civ.R. 60(B) is Not [sic] Applicable [sic].
 {¶ 14} "[3.] The trial court erred to the prejudice of Appellant by granting Appellee's Rule 60(B) Motion for Relief from Judgment in respect to that court's previous order of possession because the Appellees' [sic] failed to appeal, move to stay and post bond under R.C.1923.14, the Appellees' exclusive remedy under the circumstances, thereby rendering moot any possible relief.
 {¶ 15} "[4.] The trial court erred to the prejudice of Appellant by granting Appellee's [sic] Motion to Transfer the independent forcible entry and detainer action to the Court of Common Pleas.
 {¶ 16} The crux of Consolidated's first three assignments of error is that the trial court erred in granting appellees' motion for relief from judgment. As these three assignments of error are interrelated, we will discuss them together.
 {¶ 17} The Ohio Civil Rules of Procedure, "*** to the extent that they would by their nature clearly be inapplicable, shall not apply to procedure *** in forcible entry and detainer ***. Civ.R. 1(C)(3). However, "the language of Civ.R. 1(C)(3) does not impose a complete bar to the application of the Rules of Civil Procedure to forcible entry and detainer proceedings." Larson v. Umoh (1986), 33 Ohio App.3d 14, 16;Maple Del Manor v. Peterson (Feb. 11, 1994), 11th Dist. No. 93-P-0039, 1994 Ohio App. LEXIS 496, at *4. "Instead, it imposes a bar to the application of those rules which by their nature are `clearly inapplicable.'" Id.
 {¶ 18} In construing Civ.R.1(C), the Supreme Court of Ohio has noted that forcible entry and detainer proceedings are summary actions.Colonial Development Co. v. Griffith (1990), 48 Ohio St.3d 72, 73. "Forcible entry and detainer, as authorized in R.C. Chapter 1923, is a summary proceeding in which `any judge of a county court' may make inquiry into disputes between landlords and tenants, and, where appropriate, order restitution of the premises to the landlord." CuyahogaMetro. Hous. Auth. v. Jackson (1981), 67 Ohio St.2d 129, 130.
 {¶ 19} Therefore, in appropriate cases, a court may be permitted to vacate evictions ordered pursuant to R.C. 1923; however, "Civ.R. 60(B) should not apply to such cases when it disrupts the statutory purpose of R.C. Chapter 1923, i.e., `to provide a summary, extraordinary and speedy method for the recovery of possession of real estate.'" Larson, supra, at 16-17.
 {¶ 20} In the instant case, appellees' delayed Civ.R. 60(B) motion, which was filed over one and one-half years after the judgment was filed and Schultz vacated the property and over one year after the building had been razed, completely disrupts the purpose of R.C. Chapter 1923. Because appellees' motion was filed after the premises had been vacated and razed, it is impossible to place appellees back in possession of the premises as contemplated in the lease. The court cannot be asked to do a futile thing. Accordingly, we conclude that Civ.R. 60(B) is inapplicable under the facts of this case.
 {¶ 21} Appellant's first through third assignments of error have merit. The judgment of the Mentor Municipal Court is reversed and the forcible entry and detainer action concluded.
 {¶ 22} In appellant's fourth assignment of error, he argues that the trial court erred by transferring the forcible entry and detainer action to the Lake County Court of Common Pleas. Having found merit in appellant's first three assignments, no issues remain which could be transferred; therefore, appellant's fourth assignment also has merit.
 {¶ 23} The judgment of the Mentor Municipal Court is hereby reversed and judgment is entered for appellant.
DONALD R. FORD and DIANE V. GRENDELL, JJ., concur.