WINGATE AT BELLE MEADOWS, Appellant,

v.

HIGGENBOTHAM, Appellee, et al.

[Cite as *Wingate at Belle Meadows v. Higgenbotham,*
179 Ohio App.3d 645, 2008-Ohio-6229.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 22491.

Decided Nov. 26, 2008.

Laurence A. Lasky, for appellant.

Roy Higgenbotham, pro se.

DONOVAN, Judge.

{¶ 1} Plaintiff-appellant, Wingate at Belle Meadows ("Wingate"), appeals the judgment of the Montgomery County Court, Area One Civil Division, which dismissed with prejudice Wingate's forcible entry and detainer action filed against defendant-appellee, Roy Higgenbotham.

{¶ 2} On August 23, 2007, Wingate filed a complaint against Higgenbotham sounding in forcible entry and detainer. The complaint alleged that Higgenbotham had failed to pay the August 2007 rent for apartment 9–D, located at Belle

Meadows Drive, Trotwood, Montgomery County, Ohio. A trial was held in this matter on October 4, 2007. On October 10, 2007, the trial court issued a brief entry in which the court found for Higgenbotham and dismissed the complaint with prejudice.

{¶ 3} Wingate filed a motion with the trial court on October 15, 2007, in which it requested that the court issue findings of fact and conclusions in order to clarify its prior ruling. Subsequently, the trial court issued findings of fact and conclusions of law in an entry filed on November 5, 2007. Wingate filed a timely notice of appeal with this court on November 8, 2007.

I

{¶ 4} The record demonstrates that the parties entered into a lease agreement on October 20, 2006, which stated that rent was due on the first day of each month in the amount of $419. The lease further stated that if the full rent amount had not been paid by the fifth day of each month, additional late fees would be incurred by lessee.

{¶ 5} Testimony adduced at trial established that Higgenbotham failed to pay the rent for his apartment for the month of August by the fifth day of that month. In response, Wingate served Higgenbotham with a three-day notice to leave the property on August 6, 2007. On September 7, 2007, Higgenbotham paid the rent, plus late fees, for the month of August with a money order. The assistant manager on duty at the time took the payment from Higgenbotham, but did not retain nor cash the money order. After the assistant manager spoke with her manager, she returned the money order to Higgenbotham the next day.

{¶ 6} The trial court held that by accepting the money order on September 7, 2007, Wingate effectively waived the three-day notice to leave and reinstated the lease. Thus, Wingate could not evict Higgenbotham based on his failure to pay rent for the month of August in a timely fashion. On November 5, 2007, the trial court issued its findings of fact and conclusions of law and dismissed Wingate's complaint with prejudice. It is from this judgment that Wingate now appeals.

II

{¶ 7} Because they are interrelated, Wingate's first and second assignments of error will be discussed together:

{¶ 8} "The trial court erred as a matter of law by holding that appellant accepted payment of rent for the month of August from the appellee thereby waiving its three-day notice to leave the premises and right to possession of the premises."

{¶ 9} "The trial court erred as a matter of law by not granting an eviction holding that appellant's alleged acceptance of past rent due has waived the notice to vacate pursuant to O.R.C. 1923.04."

{¶ 10} In its first and second assignments, Wingate contends that the trial court erred when it held that appellant accepted payment of rent from Higgenbotham on September 7, 2007, for the month of August. Wingate further argues that the trial court erred when it found that based on its acceptance of the rent payment, appellant waived the three-day notice to leave that it had posted on the door to Higgenbotham's apartment on August 6, 2007. Wingate points out that it returned the uncashed money order to Higgenbotham only one day after receiving the payment. Thus, Wingate argues that its actions in this regard demonstrate that the attempted payment was rejected, and the right to evict was never waived. We agree.

{¶ 11} In finding that Wingate accepted the August payment and waived its right to evict Higgenbotham, the trial court relied on *Marchioni v. Wilson* (1984), 20 Ohio Misc.2d 10, 20 OBR 276, 485 N.E.2d 1073. The trial court's reliance on *Marchioni*, however, is misplaced. In *Marchioni*, the court found that the tenants received a three-day notice to vacate the premises on April 7, 1984, after they failed to pay their rent for the month of April in a timely fashion. Thus, their tenancy terminated on April 10, 1984, by operation of law. However, the court found that the landlord accepted the tenants' tender of rent on April 13, 1984, and subsequently cashed the check on May 3, 1984. Thus, the *Marchioni* court held that "there is a waiver of notice to vacate the premises when a landlord accepts rent past the vacate date stated on the notice. Acceptance of such rent is inconsistent with the vacate notice and therefore waives it." Id. at 11, 20 OBR 276, 485 N.E.2d 1073.

{¶ 12} In the instant case, although Wingate took temporary possession of Higgenbotham's August rent payment on September 7, appellant did not cash the money order, and instead returned the payment to him the next day. In *Pace v. Buck* (1949), 86 Ohio App. 25, 40 O.O. 458, 85 N.E.2d 401, the court held that a landlord may be estopped from proceeding with an eviction action when the landlord has retained money received from the tenant:

{¶ 13} "We are of the opinion that where the landlord retains a money order received from the tenant in payment of rent and the landlord fails to notify the tenant that the money order was not accepted in payment of rent, or that it was retained for evidentiary purposes, and fails to tender the money order to the tenant on or before the day of trial, the retention of the money order constitutes an acceptance in payment of the rent." Id. at 28, 40 O.O. 458, 85 N.E.2d 401.

{¶ 14} Following the line of reasoning set forth in *Pace*, Wingate's decision to return the money order to Higgenbotham the day after receiving it clearly

establishes that there was a proper rejection of the August rental payment and not an acceptance thereof. Thus, the three-day notice to vacate was not waived, because Wingate did not retain Higgenbotham's payment, but rather tendered the money order back to him approximately three weeks prior to the trial in this matter. The trial court erred as a matter of law when it found that Wingate accepted the rent payment for the month of August, thereby waiving its three-day notice to Higgenbotham to vacate the premises. Not only did Wingate reject Higgenbotham's payment by returning it to him three weeks prior to trial, but appellant also did not waive its three-day notice to vacate, which it properly served on Higgenbotham on August 6, 2007, pursuant to R.C. 1923.04.

{¶ 15} Wingate's first and second assignments of error are sustained.

### III

{¶ 16} All of Wingate's assignments of error having been sustained, the judgment of the trial court is reversed, and this matter is remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

WOLFF, P.J., concurs.

GRADY, J., concurs separately.

GRADY, Judge, concurring.

{¶ 17} I would reverse the judgment from which the appeal is taken on the authority of *Graham v. Pavarini* (1983), 9 Ohio App.3d 89, 9 OBR 140, 458 N.E.2d 421, because the rent the tenant paid on September 7, 2007, being for past-due rent only, and not for rent due for the future months of the term of the lease, could not affect the landlord's statutory right to possession of the premises in the action for forcible entry and detainer the landlord commenced, even had the landlord accepted and retained the past-due rent.