Mount Olive Baptist Church, Appellant, *v.* Pipkins
Paints and Home Improvement Center, Inc., Appellee.

(No. 37907—Decided June 14, 1979.)

*Mr. Elliott Ray Kelley,* for appellant.
*Mr. Russell T. Adrine,* for appellee.

Parrino, P. J.   This is an appeal from a judgment of the Cleveland Municipal Court vacating a default judgment which it previously had entered in favor of the plaintiff. This appeal considers the circumstances under which a default judgment can be vacated pursuant to Civ. R. 60(B)(5). We reverse.

On July 13, 1976, Mount Olive Baptist Church, the plaintiff-appellant, filed a complaint against the defendant-appellee, Daniel B. Pipkins, individually, d.b.a. Pipkins Paints

and Home Improvement Center, Inc., and d.b.a. The Danaus Company, Inc., the substance of which alleges damages resulting from defendant's breach of contract, faulty workmanship and willful, deliberate and malicious refusal to complete the contract and honor the guarantee and/or warranty. The complaint prayed for a total of $5,346 in compensatory damages and $4,500 in punitive damages.

Upon the defendant's failure to answer the complaint, plaintiff's application for default judgment was granted. The matter was referred to a referee to take proof and assess damages. The referee determined that plaintiff was damaged in the amount of $1,500. The court approved the referee's report and entered judgment in favor of Mount Olive Baptist Church for $1,500 on September 27, 1976.

Pipkins Paints and Home Improvement Center filed a motion for relief from judgment pursuant to Civ. R. 60(B)(5) on February 9, 1977. The brief attached to that motion alleged that: service was never obtained; there was a lack of consideration; if any money was owed by it, the judgment was greater than the amount due the plaintiff; and it had a valid defense to the action.

On March 23, 1977, a hearing was held. The record of those proceedings is contained in a "Narrative Bill of Exceptions" signed by the trial judge.* This narrative record of the proceedings indicates:

"At the hearing the movant Daniel B. Pipkins, proceeded to tell the Court that he had not received plaintiff's complaint.

"Thereupon Elliott Ray Kelley, counsel for plaintiff showed the defendant the return receipt for certified mail in the court file and the defendant admitted to his signature thereon. A long pause followed.

"The Court asked the defendant why was an answer not filed and the defendant answered that he had thrown the complaint in the wastebasket."

The trial court vacated the original judgment, finding that the defendant had a ground for vacating judgment and an issuable defense.

Mount Olive Baptist Church brings this appeal from the

---

* For purposes of this appeal, this record is treated as a statement of the proceedings pursuant to App. R. 9(C).

trial court's order vacating judgment and assigns two errors which we will consider jointly:

I. "The motion for relief from judgment did not meet the requirements of Ohio Rules of Civil Procedure."

II. "The court abused its discretion in holding for the defendant under the present circumstances."

Civ. R. 60(B) provides the exclusive remedy for vacating judgments regardless of whether the judgment is vacated during the court's term. *Antonopoulos* v. *Eisner* (1972), 30 Ohio App. 2d 187. In order to vacate judgment, the burden is on the movant to show that: 1) there is a ground for relief; 2) the motion is made within the time limit specified in Civ. R. 60(B); and, 3) the movant has a meritorious claim or defense to present if relief is granted. *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146. The movant's failure to demonstrate any one of the above three requirements is fatal to the claim for relief from judgment. See *East Ohio Gas Co.* v. *Walker* (1978), 59 Ohio App. 2d 216.

Several policy questions are to be considered in the application of Civ. R 60(B). The rule strikes a balance between the need for judgments to be final and the need for courts to vacate their orders to further justice and fairness. *Doddridge* v. *Fitzpatrick* (1978), 53 Ohio St. 2d 9; *Adomeit* v. *Baltimore* (1974), 39 Ohio App. 2d 97. Where the judgment to be vacated is a default judgment, any doubt should be resolved in favor of the movant so that cases can be decided on their merits. *GTE Automatic Electric* v. *ARC Industries, supra; State, ex rel. Gyurcsik,* v. *Angelotta* (1977), 50 Ohio St. 2d 345. However, a judgment may not be vacated for the sole reason that it was obtained by default. The movant still must show that he falls within one of the grounds for relief enumerated in Civ. R. 60(B), that the motion was timely and that he has a valid claim or defense. *GTE Automatic Electric* v. *ARC Industries, supra;* see *Matson* v. *Marks* (1972), 32 Ohio App. 2d 319.

In the instant cause the defendant moved to vacate judgment pursuant to Civ. R. 60(B)(5), which provides that a judgment may be vacated for "any other reason justifying relief from judgment." Although Civ. R. 60(B)(5) is frequently referred to as the "catch all" provision, relief on this ground is to be granted only in extraordinary situations where the interest of justice calls for it. *Adomeit* v. *Baltimore, supra,* at page 105.

The motion to vacate pursuant to Civ. R. 60(B)(5) must be brought within a reasonable time, which may be more or less than a year depending on the circumstances. *Cautela Bros.* v. *McFadden* (1972), 32 Ohio App. 2d 329. Similar to the other provisions of Civ. R. 60(B), the existence of a valid claim or defense must be demonstrated to entitle the movant to prevail on the motion pursuant to Civ. R. 60(B)(5).

Frequently, evidentiary problems are encountered where the court does not hold a hearing on the motion to vacate. See *East Ohio Gas Co.* v. *Walker, supra.* In the instant case, no affidavits or other evidentiary material were submitted with the motion. However, the court held a hearing on the matter. Where the trial court grants a hearing to determine the appropriateness of the motion, evidence must be introduced at the hearing to satisfy the three-pronged test announced in *GTE Automatic Electric* v. *ARC Industries, supra; Bates & Springer* v. *Stallwarth* (1978), 56 Ohio App. 2d 223, at pages 228 to 229. The record of the proceedings below is containied in the court's "Narrative Bill of Exceptions."

We now will review the trial court's granting of the motion to vacate in light of the foregoing principles.

The first consideration is whether the defendant demonstrated a ground for relief within the meaning of Civ R. 60(B)(5). The record shows that the defendant received a copy of the complaint and threw it in the wastebasket. No explanation is given for this conduct. Such an action is a willful and deliberate disregard for the judicial system. This court cannot condone such conduct, nor will equity allow relief from a default judgment which is the direct result of the movant's calculated and conscious decision to ignore the judicial process. It is well established that the "other reason" clause of Civ. R. 60(B) will not protect a party who ignores its duty to take legal steps to protect its interest. See, *e.g., Ackermann* v. *United States* (1950), 340 U. S. 193.

Consequently, we conclude that a party who willfully and deliberately chooses to ignore a complaint and has stated no other reason for failing to appear or answer a complaint has not stated an adequate ground for relief from a default judgment pursuant to Civ. R. 60(B)(5).

The defendant also failed to demonstrate the second prong of the three-part test, *i.e.,* that the motion was made within a

reasonable time. The defendant had actual notice of the suit when he received a copy of the complaint filed on July 13, 1976. Default judgment was entered on September 27, 1976. The motion to vacate judgment was not filed until February 9, 1977. There is no evidence in the record to explain the delay in filing the motion to vacate. A motion to vacate a default judgment which is filed nearly seven months after actual notice of the action and more than four months after default judgment was entered is not, on its face, a reasonable time within which to file the motion pursuant to Civ. R. 60(B)(5). See *Adomeit* v. *Baltimore, supra,* at page 106. In the absence of any evidence explaining the delay, the movant has failed to demonstrate the timeliness of the motion.

Similarly, there is no evidence in the record demonstrating that the movant could present a meritorious claim or defense to the action if relief was granted. The brief attached to the motion to vacate alleges that there was a failure of consideration; that if any money was owed by the movant, it was for a lesser amount than the judgment; and that the movant had an adequate defense to the judgment. The allegations contained in the brief are not evidence and cannot support the movant's claim for relief. See *East Ohio Gas Co.* v. *Walker, supra.* Moreover, once an evidentiary hearing is held, a judgment must be supported by evidence introduced at the hearing. *Bates & Springer* v. *Stallworth, supra.* Where the record fails to demonstrate that the movant can present a valid claim or defense to the action, the motion for relief from judgment should be denied.

Where the record fails to demonstrate that the claimed ground for relief is a valid reason to vacate judgment pursuant to Civ. R. 60(B)(5), that the motion to vacate has been timely filed and that a valid claim or defense can be presented if relief from judgment is granted, it is an abuse of discretion for the trial court to grant the motion to vacate judgment.

The assignments of error are well taken.

The judgment is reversed and the original default judgment of the trial court in favor of plaintiff for $1,500 is ordered reinstated and declared final.

*Judgment reversed.*

KRUPANSKY and PATTON, JJ., concur.