OPINION
This appeal is taken by Defendant/Appellant Larry A. Whitaker from the judgment entered by the Court of Common Pleas of Defiance County dismissing Whitaker's motion for relief from judgment pursuant to Civil Rule 60(B).
On April 15, 1992, Defiance County Court of Common Pleas sentenced Whitaker to concurrent terms of seven to twenty-five years for each of the two convictions of felonious sexual penetration of a juvenile. On April 23, 1993, this court affirmed Whitaker's conviction, reversing only an order that Whitaker be required to pay certain restitution.
Appellant then filed a petition for post-conviction relief pursuant to R.C. 2953.21. In that petition Whitaker asserted two grounds for relief. He claimed that the had received ineffective assistance of counsel and that the State had committed a Brady
violation by failing to disclose certain exculpatory evidence. On October 10, 1996, the court denied Whitaker's petition for post-conviction relief without a hearing on the matter. On February 5, 1997, this Court affirmed that denial.
On February 18, 1999, pursuant to Civil Rule 60(B) Whitaker moved for relief from the prior judgment entered by the Court of Common Pleas on his petition for post-conviction relief and asked the Court's permission to file a second petition for post-conviction relief. Whitaker claimed that he was entitled to relief from the earlier judgment entered by the court because his attorney had "perpetrated a fraud and misrepresentation upon this Court and petitioner."
On September 10, 1999, the trial court denied Whitaker's motion for relief from judgment. The judgment entry stated in pertinent part:
 "The essence of the Defendant's position is that his own retained counsel perpetrated a fraud upon him by filing an inadequate post conviction relief petition. Clearly Rule 60(B)(3), which does mention fraud, addresses fraud committed by some adverse party, not misconduct or tactical disagreement with one's own counsel. By its plain terms, 60(B) is inapplicable and Defendant's motion is therefore not well taken."
On appeal from that denial Whitaker makes the following sole assignment of error:
 The trial court abused its discretion to the prejudice of Appellant, when it denied Appellant's relief from judgment when it was clear Appellant was denied ineffective assistance of counsel at the post conviction relief.
Whitaker appeals the denial of his motion for relief from the judgment dismissing his petition for post conviction relief. First, he reasons that because his retained counsel failed to follow his instructions regarding the grounds for relief to be asserted, that lawyer perpetrated a fraud upon him and the trial court. He next asserts that because of the "fraud" he has identified, he is entitled to relief from the judgment denying post conviction relief. Thus, he concludes that the trial court abused its discretion by refusing to set aside that judgment pursuant to Civ.R. 60(B).
Our review of the proceedings is to determine whether or not Whitaker has shown an abuse of the trial court's discretion for which its judgment may be reversed. GTE Automatic Elec., Inc. v.ARC Industries, Inc. (1976), 47 Ohio St.2d 146, 1 O.O.3d 86,351 N.E.2d 113. "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) [he] has a meritorious defense or claim to present if relief is granted; (2) [he] is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." Id. at paragraph two of the syllabus. The court abuses its discretion if it denies relief where the movant has demonstrated all three factors. Mt. Olive Baptist Church v.Pipkins Paints Home Improvement Ctr., Inc. (1979),64 Ohio App.2d 285, 18 O.O.3d 319, 413 N.E.2d 850.
Here Whitaker claimed he was entitled to relief pursuant to Civ.R.60(B)(3). Civil Rule 60(B)(3) permits relief from judgment if the petitioner can show "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party". Whitaker argued at the trial court level and he continues to argue before this court that his attorney perpetrated a fraud. However, in order for relief from judgment to be granted Whitaker must show fraud or misconduct of an "adverse party". As the trial court found "one's own counsel" is not an "adverse party". Moreover, there is no constitutional right to effective assistance of counsel at a civil proceeding.Link v. Wabash RR. Co. (1962), 370 U.S. 626, 633-634,82 S.Ct. 1386, 1390, 8 L.Ed.2d 734, 739-740; Roth v. Roth (1989)65 Ohio App.3d 768.
Therefore, Whitaker failed to show that he was indeed entitled to relief under one of the grounds listed in Civ.R.60(B) and thus did not demonstrate any of the factors necessary for relief from judgment.
No abuse of discretion having been shown, Whitaker's sole assignment of error is overruled and the judgment of the Court of Common Pleas of Defiance County is affirmed.
HADLEY, P.J., and SHAW, J., concur.