OPINION
Forrest D. Crabill appeals pro se from a judgment of the Clark County Court of Common Pleas, which overruled his motion to vacate a judgment entered in favor of the Ohio Department of Taxation.
This case involves Crabill's personal state income taxes for 1990. In 1996, the Department of Taxation obtained a judgment against Crabill in the amount of $3,198, which represented a tax liability for 1990 of approximately $1,700, plus penalties and interest. This judgment was obtained administratively and was filed in the Clark County Court of Common Pleas on July 19, 1996, in accordance with R.C. 5747.13(C).
On February 25, 1999, the Department of Taxation filed a motion to have Crabill appear before the court "to answer under oath concerning [his] property, money or assets" which might be applied toward the satisfaction of the judgment. The trial court granted this motion. In response, on April 29, 1999, Crabill filed a motion to vacate the 1996 judgment. Crabill's motion alleged that his employer had paid the taxes in question and that the Department of Taxation had refused to provide him with the documents that would substantiate this claim. The trial court conducted a hearing on the matter and concluded, from the bench, that Crabill's motion to vacate was untimely. The court's subsequent journal entry also stated that Crabill's motion to vacate was untimely.
Crabill raises three assignments of error on appeal, which challenge the trial court's refusal to vacate the judgment in favor of the Department of Taxation, its refusal to compel discovery, and its "acceptance" of the statement by the state's attorney that Crabill had not filed a tax return in 1990.
To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted, (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B), and (3) the motion is made within a reasonable time. GTE Automatic Elec., Inc. v. ARC Industries,Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. Whether relief should be granted is within the sound discretion of the trial court. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20.
Crabill's motion contained his bare assertion that his employer must have paid the taxes because it had been required by law to do so, but it did not allege any specific facts or present any other evidence in support of this allegation. Crabill bore the burden of proving that he was entitled to relief; the state was not required to show that no taxes had been paid, as Crabill suggests. Mount Olive Baptist Church v.Pipkins Paints and Home Improvement Ctr. (1979), 64 Ohio App.2d 285,287. However, even if we were to assume, for the sake of argument, that Crabill could prove that his 1990 income taxes had been paid by his employer, we would still be constrained to conclude that his motion to vacate was properly overruled. Crabill's motion to vacate was filed almost three years after the tax assessment, and the trial court reasonably determined that it was not filed within a reasonable time. The trial court did not err in overruling Crabill's motion to vacate judgment.
Because Crabill did not timely move to vacate the judgment, the trial court was not required to address the factual and discovery issues raised in Crabill's motion.
The assignments of error are overruled.
The judgment of the trial court will be affirmed.
GRADY, P.J. and GLASSER, J., concur.
(Hon. George M. Glasser sitting by assignment of the Chief Justice of the Supreme Court of Ohio).