JOURNAL ENTRY and OPINION
Michael Martinko appeals from a decision of the common pleas court which denied his motion for relief from summary judgment entered in favor of Strongsville High School and the Strongsville Board of Education on his claims arising from injuries he received while participating in a weightlifting competition at Strongsville High School.
On appeal, Martinko argues that he is entitled to relief from judgment because his attorneys did not receive a copy of the school's motion for summary judgment until after the court had granted it. Additionally, he claims that because athletic competitions are proprietary in nature, the school is liable for his injuries; alternatively, he claims that if athletic competitions are governmental in nature, the school is still liable for reckless and wanton conduct.
The school maintains that it is immune from liability for Martinko's injuries and that, therefore, he does not have a meritorious claim to assert even if relief from judgment is granted. Further, the school argues that Martinko failed to file his motion for relief from judgment within a reasonable time.
After review of the record, we have concluded that Martinko did not file his motion for relief from judgment within a reasonable time. Accordingly, we affirm the judgment of the trial court.
On May 29, 1997, seventeen-year-old Michael Martinko, a junior at Olmsted Falls High School, participated in the Iron Horse Invitational, an athletic competition held at Strongsville High School. During the bench-pressing phase of the competition, a 180-pound weighted bar fell on his face, causing serious injuries which necessitated numerous surgeries.
On September 3, 1998, Martinko sued Strongsville High School and the Strongsville Board of Education, alleging negligence, recklessness, and wanton conduct on the part of the school during the competition. On May 6, 1999, the school filed a motion for summary judgment asserting statutory immunity from suit in connection with the competition. Martinko never filed a brief in opposition to this motion, and, on August 4, 1999, the court granted it.
Martinko's counsel received a postcard informing him that the court had granted the school's motion for summary judgment on August 5, 1999; he claims that he did not receive an actual copy of the school's motion for summary judgment until August 6, 1999, after the court had already ruled on it.
Nearly a year later, on July 25, 2000, Martinko filed a motion for relief from that judgment, which the court denied on July 13, 2001. Martinko now appeals from that denial, raising one assignment for our review. It states:
 THE TRIAL COURT ERRED TO THE MATERIAL PREJUDICE OF PLAINTIFF-APPELLANT, MICHAEL MARTINKO, BY DENYING ON JULY 11, 2001 HIS MOTION FOR RELIEF FROM JUDGMENT.
Martinko claims that the court abused its discretion when it denied his motion for relief from judgment, arguing that his failure to respond to the school's motion for summary judgment constituted mistake, inadvertence, surprise, or excusable neglect because his attorney did not receive a copy of the school's summary judgment motion until after the court had granted it. He argues that he has a meritorious claim to pursue if relief is granted, urging that the school is not immune for its negligent, reckless, and wanton conduct in connection with the athletic competition. Further, he argues that he filed his Civ.R. 60(B) motion within a reasonable time because he filed it eighteen days after obtaining an affidavit from Annie Clement, his expert witness.
The school, on the other hand, maintains that the court properly denied Martinko's motion for relief from judgment, asserting statutory immunity from liability for Martinko's injuries. In addition, it argues that Martinko failed to file his Civ.R. 60(B) motion within a reasonable time, noting that he filed it almost a year after his attorneys received notice that the court had granted its motion for summary judgment.
Our analysis begins with a review of Civ.R. 60(B), which provides in pertinent part:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
In GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, 351 N.E.2d 113, the court set forth the following test for relief from judgment in its syllabus:
 2. To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
In this case, the timeliness of the filing of Martinko's motion for relief from judgment is at issue. He filed his motion three hundred sixty-five days after learning that the court granted the school's motion for summary judgment. As we noted in Michael Benza Assoc., Inc. v.Lombardi (June 21, 1999), Cuyahoga App. No. 74418, unreported:
 * * * Civ.R. 60(B) specifies that motions filed pursuant to Civ.R. 60(B)(1) through (3) must be made "not more than one year after the judgment, order or proceeding was entered or taken." Significantly, however, the rule also orders that the motion must be made "within a reasonable time." Thus, "[w]hile a party may have a possible right to file a motion to vacate a judgment up to one year after the entry of judgment, the motion is also subject to the `reasonable time' provision." Adomeit v. Baltimore
(1974), 39 Ohio App.2d 97, 106. In this regard, the movant has the burden of proof, and "must submit factual material which on its face demonstrates the timeliness of the motion." Id. at 103. (Emphasis added.)
As the Fourth Appellate District recently stated in French v. Taylor
(Jan. 2, 2002), Lawrence App. No. 01CA15, unreported:
 * * * However, under the rule, one year is an outside time limitation and the motion must still be filed within a "reasonable time." A reasonable time must be determined under the facts of each case.
Absent evidence explaining the delay, we have consistently found delays of four months or less unreasonable under Civ.R. 60(B) For example, inLarson v. Umoh (1986), 33 Ohio App.3d 14, 17, 514 N.E.2d 145, we stated:
 This court has held that an unjustified four-month delay necessarily precludes relief from a money judgment. Mount Olive Baptist Church v. Pipkins Paints (1979), 64 Ohio App.2d 285, 289, 18 O.O.3d 319, 321, 413 N.E.2d 850, 854. It has even been held that an unjustified delay for two and one-half months is unreasonable as a matter of law. Zerovnik v. E.F. Hutton Co. (June 7, 1984), Cuyahoga App. No. 47460, unreported. Further, we affirmed the denial of relief from a money judgment when the movant failed to justify his fifty-one-day delay in seeking that relief. Riley v. Heritage Mut. Ins. Co. (Sept. 25, 1986), Cuyahoga App. No. 50972, unreported.
See, also, Natl. City Bank v. Hostelley (July 3, 1991), Cuyahoga App. No. 58554, unreported (Civ.R. 60[B] motion filed only ten weeks after learning of the default judgment is untimely when the motion is devoid of any explanation for this delay).
Here, Martinko acknowledges that he received notice of the court's summary judgment order on August 5, 1999; however, he did not file his motion for relief from judgment for almost a year, three hundred sixty-five days, later, on July 25, 2000. Martinko argues that he did not obtain an affidavit from his expert, Annie Clement, until July 7, 2000, and he needed that affidavit, which advanced his claim that the school's actions constituted reckless conduct, to demonstrate a meritorious claim. He does not explain, however, why his counsel took more than eleven months to obtain this affidavit.
Further, Martinko did not need to obtain an expert affidavit before filing a motion for relief from judgment. Under Civ.R. 60(B), a movant's burden is only to allege a meritorious claim, not to prove that he will prevail on that claim. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20, 520 N.E.2d 564.
Under these circumstances, we have concluded that Martinko failed to file his motion for relief from judgment within a reasonable time and, therefore, the court properly denied it. Accordingly, we reject this assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J. and KENNETH A. ROCCO, J. CONCUR