[Cite as *AEP Energy, Inc. v. Vemulapalli*, 2018-Ohio-107.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| AEP ENERGY, INC. | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 027568 |
| | : | |
| v. | : | T.C. NO. 2016-CV-1123 |
| | : | |
| SASIKALA VEMULAPALLI, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 12th day of January, 2018.

. . . . . . . . . .

ELIZABETH L. MOYO, Atty. Reg. No. 0081051 and ALLEN T. CARTER, Atty. Reg. No. 0085393, Porter Wright Morris & Arthur, LLP, 41 S. High Street, Columbus, Ohio 43215
       Attorneys for Plaintiff-Appellee

CHRISTOPHER J. PAGAN, Atty. Reg. No. 0062751, 1501 First Avenue, Middletown, Ohio 45044
       Attorney for Defendants-Appellants

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the May 3, 2017 Notice of Appeal of Sasikala Vemulapalli, and Moraine Inn, LLC. (together, "Defendants"). Defendants

appeal from the April 5, 2017 decision of the trial court overruling their Civ.R. 60(B) motion for relief from judgment. Defendants filed the motion for relief after the trial court granted default judgment in favor of AEP Energy, Inc. ("AEP") in the amount of $66,931.26. We hereby affirm the judgment of the trial court.

{¶ 2} AEP filed a complaint against Vemulapalli and 2455 Dryden LLC on February 29, 2016. The complaint provides that AEP provided retail electric supply and related services to Vemulapalli, who owned and operated the Moraine Inn & Suites, located at 2455 Dryden Road, and that 2455 Dryden LLC owned the real property where the Inn is located. According to the complaint, Vemulapalli's manager signed a written contract for the services in August 2014, pursuant to which AEP agreed to provide, and Vemulapalli agreed to pay for, electric supply. A copy of the August 21, 2014 contract is attached to the complaint, and it identifies Vemulapalli as "Customer" and is signed by "A. Taylor," who is identified as "Manager." The complaint provides that copies of AEP's pertinent electronic billing and payment data are also attached.

{¶ 3} The complaint provides that "under the terms of the Agreement, 'Later payments shall incur interest charges at a rate of interest equal to a per annum rate of eighteen percent (18%) or the maximum allowed under applicable law, whichever is less. * * * Customer shall be liable for all costs incurred by AEP Energy, including attorneys' fees, for collections on accounts greater than thirty (30) calendar days past due.' " AEP alleged that Vemulapalli terminated the agreement in August 2015, 24 months prior to the end of its term. According to the complaint, AEP sent Vemulapalli a termination statement, which "sets forth the early termination fees, comprised of AEP Energy's lost margins and termination costs, calculated pursuant to Section X(A) of the Agreement." A copy of the

termination statement is attached to the complaint. The complaint provides that as of February 6, 2016, the unpaid balance of $44,051.49 is due and owing, "exclusive of additional late payment interest after such date and costs of collection, including but not limited to attorneys' fees and costs."

{¶ 4} On April 20, 2016, Vemulapalli and 2455 Dryden LLC filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), asserting in part that AEP's "claims for breach of contract and related claims cannot lie due to the operation of the statute of frauds," that AEP "cannot state a claim for relief sounding in quasi contract when a contract exists," and that AEP "has failed to name indispensable parties to this action pursuant to Civ.R. 12(B)(7)," namely Manager Amber Taylor.

{¶ 5} On April 29, 2016, AEP filed an amended complaint, adding Moraine Inn, LLC, as a party and asserting that "Moraine Inn, LLC operates Moraine Inn & Suites." According to the amended complaint, "Moraine Inn, LLC, through its owner and operator Vemulapalli and through its manager Amber Taylor, had knowledge of the terms of the agreement between Vemulapalli and AEP Energy, and accepted and paid for Electric Supply under the Agreement."

{¶ 6} On May 25, 2016, the trial court overruled in part and granted in part the motion to dismiss. The court noted that "because the Agreement is in writing, the time requirement set forth in the Statute of Frauds does not apply." The court noted that while AEP failed to name Moraine Inn LLC in its original complaint, AEP added Moraine Inn LLC as a party in its amended complaint. The court noted that both "parties agree that Amber Taylor, the individual who signed the Agreement, was the manager" of Moraine Inn & Suites and "therefore, the Court finds that she likely had the authority to sign

documents" on Moraine Inn, LLC's behalf. The court noted that "there is no evidence currently before the Court to establish that Ms. Taylor was not authorized to sign the Agreement, as manager of [Moraine Inn & Suites]. Therefore, the Court finds Plaintiff's arguments with respect to the Statute of Frauds to be unpersuasive." The court further found that, "because Plaintiff has raised a claim relating to the breach of a written contract, its claim for quantum meruit must be dismissed." Regarding Appellant's assertion that AEP failed to name indispensable parties, the court concluded that because Taylor managed Moraine Inn and Suites, "and possibly acting on its behalf when she signed the Agreement, the Court finds that [AEP] sufficiently remedied this aspect of Defendant's *Motion to Dismiss* by naming" Moraine Inn LLC.

{¶ 7} On June 2, 2016, AEP filed a motion for reconsideration of the May 25, 2016 decision, asserting that because AEP "timely amended its complaint as a matter of course, the Court should not have addressed the merits of Defendants' Motion to Dismiss." AEP asserted that a "12(B) motion * * * is not the appropriate stage at which to limit a party's pursuit of alternative theories." Finally, AEP asserted that it "did not bring a contract claim" against 2455 Dryden, LLC, so the Court's decision had the effect of dismissing that Defendant.

{¶ 8} On June 15, 2016, Defendants filed a motion for additional time to answer the amended complaint, with a "proposed Answer" attached.

{¶ 9} On June 20, 2016, the trial court overruled the motion to reconsider, noting that the "parties are entitled to raise alternative claims," and further noting that "the parties to the present action agree that a written contract exists." The court noted that "all of Plaintiff's claims are based upon the written contract at issue, and Plaintiff did not argue

or demonstrate that its claim for quantum meruit was based upon a separate transaction, outside of the written contract between the parties." According to the court, the "fact that [AEP] drafted its *Amended Complaint* in a way that may require the dismissal of Defendant 2455 Dryden, LLC is not sufficient grounds for reconsideration of the Court's original ruling. Therefore, the May 25, 2016 Decision shall stand."

{¶ 10} On June 20, 2016, the court issued an "Entry Granting Motion for Additional Time to Answer Plaintiff's Amended Complaint," giving Defendants until June 23, 2016 to file an Answer. On June 28, 2016, the court issued a "Notice (Default)," noting that Appellants were "in default for answer or appearance." The Notice provides that failure to respond within 14 days "may result in the administrative dismissal of this action." On the same day Defendants filed an answer, along with a "Motion Deeming Answer Filed." On July 8, 2016, the court issued an entry deeming the answer timely filed.

{¶ 11} On July 12, 2016, the court scheduled a pretrial scheduling conference for July 29, 2016, and on August 4, 2016 it issued a final pretrial order. On August 26, 2016, AEP moved the court for an extension of the summary judgment deadline from September 2, 2016 to October 3, 2016, noting that discovery was served on Defendants on August 3, 2016, with responses due on August 31, 2016. AEP asserted that their "ability to prepare for the September 2, 2016 deadline has been hampered by Defendants' multiple requests to extend their Answer deadline." The court granted the motion on September 1, 2016, extending the summary judgment deadline until October 4, 2016.

{¶ 12} On September 20, 2016, a "Motion of Plaintiff AEP Energy, Inc. for Status Conference Regarding Discovery Impasse and for Appropriate Sanctions" was filed.

The motion provides that Defendants:

1. Refused to work with AEP Energy's counsel to schedule Defendants' depositions;

2. Refused to appear at properly noticed depositions;

3. Missed the deadline to respond and not otherwise provided AEP Energy with so much as partial responses to AEP Energy's requests for production and interrogatories; and

4. Served only unsigned responses to AEP Energy's requests for admissions.

Attached to the motion is the Affidavit of Allen T. Carter, counsel for AEP, AEP's discovery requests to Defendants, and email correspondence between counsels for the parties.

{¶ 13} The court ordered a telephone status conference on September 26, 2016. On that date, counsel for Defendants filed a "Motion to Withdraw as Counsel and Motion to Continue Deadlines." The court scheduled a hearing on the motion for October 3, 2016.

{¶ 14} On September 30, 2016, AEP filed a motion to compel discovery and for an order deeming as admitted the matters contained in AEP's requests for admissions. Attached is the affidavit of Allen T. Carter.

{¶ 15} On October 11, 2016, the court issued a "Proposed Entry and Order" that provides:

(1) Defendants' counsels' *Motion to Withdraw* is **GRANTED**. Defendants have until November 3, 2016, for new counsel to enter an appearance on the record in this case.

(2) Plaintiff's *Motion to Compel* is **GRANTED**. Defendants have until October 17, 2016 to serve responses, verified by each party and signed by counsel or the party to whom the requests are directed to Plaintiff's interrogatories and document requests. Defendants must appear for the depositions properly noticed to take place on October 20, 2016, or on a date that is otherwise agreeable to Plaintiff's counsel. The matters in Plaintiff's requests for admissions to the parties are deemed admitted.

**{¶ 16}** Also on October 11, 2016, an "Entry Granting Motion to Withdraw as Counsel and Motion to Continue Deadlines" was filed, which provides:

* * *

Therefore, IT IS SO ORDERED, that Joseph C. Lucas and John R. Glankler and hereby noted [sic] was withdrawn as counsel of record for the above named Defendants.

All future dates as established by the Court's Final Pre-Trial Order of August 4, 2016, including the Chambers Final Pre-Trial Conference of November 17, 2016 and the Trial date of December 1, 2016 are hereby vacated.

Defendant's [sic] shall have thirty (30) days to obtain replacement counsel.

**{¶ 17}** On November 22, 2016, AEP moved for default judgment against Defendants, asserting that Appellants "failed to comply with this Court's October 11, 2016 Order compelling Defendants to answer discovery, appear for depositions, and retain new counsel. Defendants have flaunted this Court's Orders and failed to defend this case warranting default judgment to be entered against them." AEP asserted as follows:

* * * Defendants have repeatedly, without justification, refused to

comply with even the basic discovery requirements. Instead of issuing sanctions immediately pursuant to Ohio Civ.R. 37(D), this Court gave Defendants the opportunity to comply with discovery – without sanction – by issuing its Order compelling Defendants' compliance with Plaintiff's discovery requests and ordering Defendants to appear for their depositions. Defendants willfully ignored the second chance given to them by the Court, and have not participated at all in the case since the Court's October 11, 2016 Order.

{¶ 18} Attached to the motion are the affidavits of Allen T. Carter and Kevin Weber, Vice President of Operations for AEP. Carter's affidavit provides that on August 3, 2016, he served AEP's first set of interrogatories and requests for production of documents, and requests for admissions to Vemulapalli and to Moraine Inn, LLC ("discovery requests"), and a cover letter requesting depositions in the third week of September, 2016. Carter averred that responses to the discovery requests were due August 31, 2016. According to Carter, "Defendants did not provide me with dates for Defendants' depositions or otherwise respond to my request for those dates."

{¶ 19} Carter averred that on August 25, 2016, he "provided Defendants' former counsel with an advance copy of an unopposed motion to extend the summary judgment deadline that I intended to file on AEP Energy's behalf." Carter averred that he "sought permission from counsel to stylize the motion as unopposed and indicated to counsel that the length of my requested extension was based on my expectation that I would receive timely responses to the Discovery Requests. Defendants did not reply or otherwise respond to my August 25, 2016 correspondence." Carter averred that on August 26,

2016, he filed the motion for extension of the summary judgment deadline "without stylizing it as unopposed."

**{¶ 20}** Carter averred that on August 31, 2016, Defendants "served uncaptioned, unsigned responses to AEP Energy's requests for admissions, and did not otherwise respond to the Discovery Requests." He asserted that former counsel for Defendants "indicated in the email attaching those unsigned responses that 'Responses to the other parts should be coming by the end of this week.' " Carter averred that he renewed his inquiry regarding any opposition by the Defendants to the motion to extend the summary judgment deadline, and "Defendants indicated that they did not intend to oppose it."

**{¶ 21}** Carter averred that Defendants did not request an extension for their responses, and that the court extended the summary judgment deadline to October 4, 2016. Carter averred that "Defendants failed to serve any responses to AEP Energy's requests for production and interrogatories and also failed to serve signed responses to AEP Energy's requests for admissions." Carter further averred as follows:

> On September 8, 2016, I served a letter via email and regular mail on the Defendants requesting that they provide their responses to AEP Energy's Discovery Requests by September 9, 2016. The letter also attached deposition notices for Defendants to appear in the Dayton, Ohio office of Porter Wright Morris & Arthur, LLP, on September 15, 2016, and made clear that I would work with Defendants to find a convenient date if Defendants were not available on the notice date. * * *

**{¶ 22}** Carter averred that Defendants did not respond to his September 8, 2016 letter or email or communicate with him in any way between August 31, 2016 and

September 14, 2016, nor object to the deposition notices. Carter averred that on September 14, 2016, he "informed Defendants' former counsel that because Defendants had failed to provide responses to the Discovery Requests, AEP Energy intended to move forward with the depositions as noticed but would have to keep the depositions open." Carter averred that on the same day, Defendants' former counsel "informed me that he had not been able to reach his clients regarding the Discovery Requests or the depositions, and therefore, his clients would not appear at the depositions the next morning. * * *."

{¶ 23} Carter averred that at the September 26, 2016 status conference, Defendants' former counsel advised Carter and the court that "he had moved to withdraw as counsel of record * * * due to irreconcilable differences with the Defendants." He averred that the court's "October 11, 2016 Order required Defendants to (1) attend depositions to take place on October 20, 2016; (2) serve responses to Plaintiff's interrogatories and documents requested by October 17, 2016; and (3) have new counsel enter an appearance on the record in this case by November 3, 2016." He averred that on October 3, 2016, just before the hearing on the motions to withdraw and compel, "Defendants, through a non-lawyer representative, provided incomplete answers to Plaintiff's discovery requests." Carter averred that Vemulapalli's "responses were not properly verified by her," and that Defendants "failed to produce a single document." Carter averred that Defendants failed to appear for depositions as ordered on October 20, 2016, and that replacement counsel has failed to appear on the record or contact AEP.

{¶ 24} Weber averred that he is responsible for and supervises the billing of AEP's

books of account for all AEP customers. He averred that AEP and Defendants entered into an agreement that "was signed executed and delivered by the Defendants' manager Amber Taylor on August 14, 2014." According to Weber, the amount due to AEP is $49,742.38, exclusive of attorneys' fees and costs. Weber averred, "I understand from AEP Energy's counsel that attorneys' fees and costs accrued to date total $17,188.88 (one-third contingent collection fee of $16,580.79 + billed expenses of $608.09)." Weber averred that AEP sought judgment in the amount of $66,931.26.

{¶ 25} The court entered default judgment for the requested amount in favor of AEP on December 12, 2016. The Entry provides as follows:

* * * Defendants have unfairly prejudiced AEP Energy's ability to reach judgment by repeatedly flaunting the Ohio Rules of Civil Procedure and ignoring this Court's orders. Defendants are in contempt of this Court's October 11, 2016 Order, having failed to engage in discovery and having failed to appear for depositions at which they were ordered by this court to appear. Defendants failed to cooperate with their counsel, and when their counsel withdrew, Defendants failed to have new counsel appear on the record. Defendants have failed to defend this case in any meaningful way.

THEREFORE, Defendants are jointly and severally liable for the amount of $66,931.26, representing all amounts due and owing under the parties' Electric Service Agreement, including attorneys' fees and costs arising thus far. AEP Energy is entitled to post-judgment interest at the statutory rate, from this date forward, until this judgment is satisfied in full.

AEP Energy may obtain, by submission of an *ex parte* affirmation, supplemental judgment for any additional interest and costs of collection, including, but not limited to, attorneys' fees and costs and other charges associated with this briefing and that may accrue. There is no just cause for delay.

It is hereby ORDERED.

{¶ 26} Defendants did not file a direct appeal. Defendants filed their Civ.R 60(B) motion for relief on February 17, 2017, along with a notice of appearance of counsel. According to Defendants, they were "unable to obtain replacement counsel timely." They asserted that the default judgment "is unjust as it is based on an Agreement signed fraudulently" and without authority. Defendants asserted that while they "may be responsible for the reasonable value of electrical services utilized by Defendants' business, the law will not hold corporations nor individuals to be bound by liquidated damages provisions within a contract for which they were not signatory too [sic]." Defendants assert that they "had no idea that [the] alleged Business 'Manager' changed electric suppliers until after Plaintiff sought damages for cancellation of the Agreement." Defendants asserted that they "have a meritorious defense in that the alleged Agreement in question was obtained fraudulently or alternatively was obtained by Plaintiff pursuant to mistake or inadvertence." Defendants asserted that their motion is timely filed, "less than 90 days from the date of the default judgment."

{¶ 27} On March 3, 2017, AEP opposed the motion. According to AEP, "Defendants have not established a meritorious defense; at best, they have a claim against a third party." According to AEP, "Defendants have not sought relief in a timely

manner; Defendants did not move for relief until AEP garnished funds, 66 days after judgment." AEP asserted that Defendants did not provide a basis for relief pursuant to Civ.R. 60(B). AEP argued that first, "Defendants' failure to participate in discovery, even after this Court ordered Defendants to do so, was not 'excusable neglect' or any other innocent mistake. * * * Flagrant disregard for a court's order is a mistake, but not the kind Civ.R. 60(B) will excuse." AEP asserted that second, "Defendants failed to bring forward any new evidence which due diligence could not have discovered." According to AEP, third, "Defendants have not pointed to any fraud, misrepresentation, or other misconduct *by Plaintiff*, nor could they. To justify relief from judgment, the party seeking relief must point to fraud, misrepresentations, or other misconduct committed by an adverse party." AEP asserted, "[f]ourth, the judgment has not been satisfied, released, or discharged." Finally, according to AEP, "[f]ifth, no other reason justifies relief from a judgment entered because of Defendants' unlawful refusal to follow the Court's orders."

{¶ 28} On March 7, 2017, Defendants filed a "Notice of Submitting Supplement to Civil Rule 60B Motion." Attached in part is Vemulapalli's affidavit which provides that she did not authorize Amber Taylor to negotiate, secure or sign any agreements with AEP on her behalf. Vemulapalli further averred that she has "personal knowledge and belief that Amber TAYLOR has been arrested, cited and convicted in Hamilton County, Green [sic] County and other jurisdictions for fraud and similar matters. (Please see attached)." Attached are police records relating to Taylor.

{¶ 29} On March 24, 2017, Defendants filed "Defendants' Request to Supplement its Previously Filed Motion Pursuant to Rule 60(B) filed on 2/17/17." Therein they asserted as follows:

Defendants argue that Plaintiff knew that Defendants were not interested in changing energy suppliers yet continued to persist. See Affidavits of Nanda Kishor and Kimberly Woodard attached hereto. Plaintiff persisted until ultimately Plaintiff was able to gain the signature of an employee of Defendants who had no authority to bind Defendant to a contract. Finally, Defendants argue that the individual who signed the contract in question (Amber Taylor) has been pursued multiple times for such fraudulent activity. See attached police reports. This matter should be decided on the merits not on a default judgment. Defendants were actively involved in the matter and unfortunately had to terminate their previous counsel, which lead to said default judgment. * * *

**{¶ 30}** The attached affidavits of Kishor and Woodard provide that each of the affiants were employed at Moraine Inn & Suites. Kishor averred that Vemulapallii "told all working at the hotel to tell sales representatives that the hotel was not interested and the [h]otel will keep (DPL) Dayton power and light as its energy supplier." Both affiants averred that they were "surprised when Vemulapalli told me that Amber Taylor signed a contract with one of said energy reseller company because nobody was authorized to sign any contract for the Hotel except Vemulapalli."

**{¶ 31}** On March 31, 2017 AEP opposed Defendants' motion to supplement its Civ.R. 60(B) motion. AEP asserted that the court "entered judgment against the Defendants because they refused to participate in discovery and failed to appear at their Court-ordered depositions, not because they lacked counsel. Furthermore, Defendants did not terminate their previous counsel." AEP asserted that counsel for Defendants

"moved to withdraw from representation and a hearing was held on the matter – a hearing at which Defendants also failed to appear, despite being ordered to do so." AEP asserted as follows:

> Defendants' Request to Supplement, at best, attempts to mount a defense, but it fails to do even that. Defendants have already admitted (1) Exhibit A to the Complaint is a true and accurate copy of the Agreement; (2) AEP Energy delivered electricity to the Defendants; (3) Defendants used the electricity AEP delivered; (4) Amber Taylor, the signor of the Agreement, was authorized by Defendants to perform certain responsibilities on Defendants' behalf, and (5) Defendants have made no payments to AEP Energy, Inc. after May 29, 2015. * * * Defendants' affidavits do nothing more than attempt to contradict the fourth of those five admissions. Nonetheless, Defendants have no meritorious explanation justifying their receipt, use, and **failure to pay for the electricity delivered under the last four months of the Agreement**, resulting in Defendants' default and termination of the Agreement.

**{¶ 32}** On April 4, 2017, "Defendants' Motion to Withdraw the Previously Filed Motion Pursuant to Civ.R. 60(B) filed on 2/17/17 and for leave to file the Attached Motion Pursuant to Civ.R. 60(B) *Instanter*" was filed. The attached motion provides in part:

> In reading the Entry dated December 12, 2016 * * *, it is apparent that the main crux of the Default Judgment is due to alleged discovery violations. Defendants' previous counsel has executed an affidavit indicating that the Request for Admissions were timely submitted and that

Defendants were unable to timely appear for depositions based on the short timeframe set by Plaintiff and the fact that Defendants were out of State. * * * On October 20, 2016, Defendants served on Plaintiff Answers to Interrogatories and Production of Documents.  The same is admitted by Plaintiff in the Motion for Default filed November 22, 2016, * * * at page 4, although Plaintiff claims the same are incomplete answers and refers to the same as "faux-discovery responses".   Thus, Defendants have not flaunted the Rules of Civil Procedure and have in fact provided discovery responses to Plaintiff's Counsel.   For this fact alone Defendants' Motion pursuant to Civ.R. 60(B) should be granted.

**{¶ 33}** The remainder of the new motion repeats Defendants' previous arguments. The attached affidavit of Attorney John Glanker provides in part:

* * *

2.   Mr. Lucas and myself were the counsel of record for Ms. Vemulapalli on the above captioned matter from April 12, 2016 until the Court granted our Motion to Withdraw as Counsel on October 11, 2016;

* * *

4.   I timely submitted the Plaintiff's Request for Admissions to opposing counsel;

5.   I received a notice of deposition for my client on September 8th, 2016;

6.   My client was out of State at that time and I was unable to reach her regarding the deposition.

7.   As a result of the short timeframe allotted by Plaintiff's Counsel, my

client did not receive sufficient notice to appear for said deposition.

{¶ 34} Also attached is Vemulapalli's affidavit, which provides in part that she and her husband did not give Amber Taylor authority to negotiate, secure or sign any agreements with the Plaintiff. Finally, the affidavit of Kumar Vemulapalli is attached to the new motion, which provides that he is Sasikala's husband, and that he and Sasikala did not authorize Taylor to execute the agreement with AEP.

{¶ 35} The court issued its decision the following day, and it provides that it considered the Defendants' initial motion of February 17, 2017, and AEP's March 3, 2017 response. The court found as follows:

In their motion, Defendants rely on Civ.R. 60(B). In support, Defendants only argue that they are entitled to relief based on possible tortious conduct of a former employee. The fraud or misconduct purported to support their motion only speaks to conduct which could amount to a defense and does not support the Civ.R. 60(B)(3) requirement of "fraud involved in the obtaining of judgment." Thus, since Defendant relies only on conduct which could amount to a defense, or a third party claim, and has not proved any facts demonstrating that Plaintiff committed fraud or misconduct in pursuing the action at hand, Civ.R. 60(B)(3) is inapplicable. Furthermore, Defendant[s] [have] not demonstrated or argued that they should be relieved from judgment because of their own mistake, inadvertence, surprise, or excusable neglect as provided by Civ. R. 60(B)(1). The Court granted Defendants 30 days, until October 11, 2016, to obtain new counsel. Defendants did not obtain new counsel until

February 17, 2017, well past the 30 days granted by the Court. During the time period when Defendants failed to retain new counsel, they also failed to defend themselves in any manner, including failure to comply with the discovery order. This failure of Defendants in following the Court's order cannot satisfy Civ.R. 60(B)(5) as "any other justifiable reason to allow relief from judgment." Defendant[s] did not demonstrate any other reason justifying relief from the judgment as provided in Civ.R. 60(B)(1-5). Having failed to satisfy the second *GTE* prong, Defendants' motion must be denied.

{¶ 36} Defendants asserts a single assignment of error herein as follows:

THE TRIAL COURT ERRED IN OVERRULING THE 60(B) MOTION.

{¶ 37} According to Defendants, the trial court erred in concluding that they "failed to prove fraud or misconduct in obtaining the judgment under 60(B)(3)." As a first issue presented for review, Defendants assert that the trial court abused its discretion in overruling the 60(B) motion because "AEP committed fraud, misconduct, and misrepresentation in obtaining judgment for $16,580.79 in attorneys' fees that were precluded by Ohio law and unauthorized by the contract." According to Defendants, these "fees are not authorized in contracts between commercial parties; and the contract itself was limited to fees 'incurred' by AEP – not a fixed percentage of the sum of liquidated damages, late fees, and unpaid electric services." Defendants argue that the "general rule in Ohio prohibits cost-shifting for attorneys' fees in commercial contracts," and that "the parties entered into a commercial contract for electrical services." According to Defendants, the "provision for fee-shifting appeared in small font. The provision contemplated AEP's 'incurred' costs, not a fixed percentage of the judgment obtained."

Defendants assert that "AEP concealed its method for calculating attorneys' fees in the contract, refused to respect Vemulapalli's repeated rejections to enter into the contract, and negotiated the fee-shifting provision with an unauthorized hotel agent, Amber Taylor, who was stealing on the job." Defendants argue that there "is no evidence of a free negotiation between equally situated and sophisticated parties. The fee-shifting provision was unlawful, and AEP committed misconduct by pursuing it." Defendants further assert that "the contract permitted AEP to recover the fees it incurred. Yet, the Walker [sic] affidavit does not describe incurred fees. Instead, it states that Walker [sic] understood from counsel that there was a one-third contingent collection fee, assumed that the judgment amount was the collected amount, and claimed the attorneys' fees were therefore $16,580.79." Defendants argue that "AEP committed misconduct by misrepresenting to the court in default judgment that it was entitled to $16,580.79 in fees that it never incurred. Actually, AEP added $16,580.79 to the judgment by passing on the costs of a contingency-fee agreement to the Vemulapalli defendants."

{¶ 38} As a second issue presented for review, Defendants assert that the trial court abused its discretion in overruling their Civ.R. 60(B) motion because "AEP committed fraud, misconduct, and misrepresentation in obtaining judgment for $25,492.17 in liquidated damages that were precluded by Ohio law, not itemized, and allowed for a double recovery for attorneys' fees and compensation for actions never taken." Defendants assert that "AEP's evidence for liquidated damages came from the Walker [sic] affidavit. An attached bill provides that liquidated damages are $25,492.17." According to Defendants, there "is no discussion or itemization for retail margin, supply termination costs, and enforcement costs. Thus it is unclear what the $25,492.17

represents – despite the fact that AEP promised a calculation in the liquidated-damages clause." Defendants assert that without "the itemized calculation, it is impossible to determine if AEP's recovery for 'supply termination costs' included fees for actions never taken, or 'enforcement costs' for attorneys' fees that were separately charged and never incurred." Defendants argue that "AEP's failure to itemize the liquidated damages under the contract formula makes it impossible to decide if it represented compensation or a penalty." Defendants assert that "because the contract font is small and blurred, it is impossible to know what 'retail margin' means, let alone what portion of the $25,492.17 relates to it." Finally, Defendants argue that "a remand is necessary for AEP to calculate and itemize the liquidated damages, allowing the trial court to determine if AEP committed fraud, misconduct, or misrepresentation in seeking and obtaining judgment for $25,492.17 in liquidated damages."

{¶ 39} AEP responds that Defendants, having failed to appeal the trial court's judgment against them, "now characterize the court's award of contractual liquidated damages and attorneys' fees as having resulted from a fraud perpetrated on the court by AEP Energy. But AEP Energy was clearly entitled to that which the contract allowed, and Appellants did not even pursue their indefensible fraud theory in their 60(B) motion below."

{¶ 40} AEP asserts that Defendants presented neither of the issues identified for review to the trial court, and that the issues are accordingly waived. AEP argues that in the trial court, Defendants "moved for relief from judgment because their signatory to the contract allegedly did not have authority to sign the contract on their behalf, and because that individual had been accused of stealing money from Appellants." In other words,

according to AEP, Defendants "argued the merits of the underlying case, not that AEP Energy had perpetrated any fraud on the court." On appeal, according to AEP, Defendants "have shifted their theory, and they argue that AEP Energy committed a fraud upon the court merely by enforcing certain contractual terms. Because Appellants did not raise these defenses below, however, these theories have been waived, and this appeal is futile."

{¶ 41} AEP further asserts that Defendants' "brief to this court * * * focuses on the merits of their defenses to the awards of attorneys' fees and liquidated damages, thereby demonstrating that it is review of those damages they seek, not the correction of some fraud or misconduct by AEP Energy in obtaining the default judgment." AEP notes that the fraud and misconduct allegedly perpetrated by it is a lack of free negotiation by equally situated parties, and that Defendants' "*ad hominem* attacks should not distract the Court from [Defendants'] attempt to substitute its Rule 60(B) motion for its (unfiled) appeal from the trial court's judgment." Regarding attorneys' fees, AEP asserts that Defendants "provide no legal support for the proposition that pursuing contractual remedies is fraudulent or misconduct." Regarding liquidated damages, AEP asserts that Defendants "do not even conjure any actual misrepresentation by AEP Energy, but argue only that one *might* exist." According to AEP, if Defendants "had made such a frivolous argument to the trial court below (and they did not), AEP Energy would have directed Appellants and the trial court to Exhibit C of the Complaint, wherein AEP Energy properly calculated and itemized its liquidated damages pursuant to the contract between the parties."

{¶ 42} AEP asserts that it "is entitled to recover its attorneys' fees under the contract as a matter of law, and therefore, its pursuit of attorneys' fees was not fraudulent

or misconduct." Regarding attorneys' fees, AEP asserts that the contract at issue is not a contract of adhesion but a standardized form contract, between "sophisticated persons or entities who were regularly engaged in commercial activities." Regarding liquidated damages, AEP argues that the contract "unambiguously provides, '[i]f the Customer is the Defaulting Party, the Settlement Amount shall equal the greater of (1) Retail Margin, plus Supply Termination Costs, plus Enforcement Costs or (2) zero.'"

{¶ 43} In reply, Defendants assert that they did not waive their arguments on appeal. Defendants assert that in the trial court, they requested relief from judgment because Amber Taylor "committed fraud by signing the contract without authority, where that agent was simultaneously prosecuted for theft and fraud-related offenses at the time of her employment. On appeal, Vemulapalli has requested relief from judgment because AEP mispresented its entitlement to damages at the hearing." Defendants assert that plain error should be noticed. According to Defendants, "AEP added 33% to the judgment based on its contingency fee collection contract with counsel. That is unlawful." Defendants assert that "Vemulapalli was prejudiced because AEP had contracted to recover attorneys' fees it incurred, it did not disclose its contingency-fee collection contract to Vemulapalli, the contingency of a collection from Vemulapalli never occurred, and Vemulapalli has been made liable for $17,188.88 in non-existent attorneys' fees." Finally, Defendants assert that Exhibit C to AEP's complaint "does not provide a definition for retail margin, which is illegible in the contract due to its small font."

{¶ 44} As this Court has previously noted:

"Civ. R. 60(B) represents an attempt to strike a balance between conflicting principles that litigation must be brought to an end and that justice

should be done." *Chapman v. Chapman*, Montgomery App. No. 21244, 2006-Ohio-2328, at ¶ 13.   Civ.R. 60(B) permits trial courts to relieve parties from a final judgment for the following reasons: (1) "mistake, inadvertence, surprise or excusable neglect;" (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged; or (5) any other reason justifying relief from the judgment.

*Portfolio Recovery Assocs., LLC v. Thacker*, 2d Dist. Clark No. 2008 CA 119, 2009-Ohio-4406, ¶ 37.

**{¶ 45}**   As this Court has further noted:

The fraud or misconduct contemplated by Civ.R. 60(B)(3) is fraud or misconduct on the part of the adverse party in obtaining the judgment by preventing the losing party from fully and fairly presenting his defense, not fraud or misconduct which in itself would have amounted to a claim or defense in the case. *State Alarm, Inc. v. Riley Industrial Services, et al.,* 8th Dist. Cuyahoga No. 92760, 2010–Ohio–900, ¶ 21; *First Merit Bank, N.A. v. Crouse,* 9th Dist. Lorain No. 06CA008946, 2007–Ohio–2440, ¶ 32; *LaSalle National Bank v. Mesas,* 9th Dist. Lorain No. 02CA008028, 2002–Ohio–6117, ¶ 15.

*Wells Fargo Bank, N.A. v. Brandle*, 2d Dist. Champaign No. 2012CA0002, 2012-Ohio-3492, ¶ 13.

**{¶ 46}** As this Court further noted in *Thacker*, ¶ 38-40:

To prevail on a motion brought under Civ.R. 60(B), the movant must

demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted, (2) the party is entitled to relief under one of the grounds stated in CivR. 60(B), and the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. All of these requirements must be satisfied, and the motion should be denied if any one of the requirements is not met. *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914, 1994-Ohio-107; *Cincinnati Ins. Co. v. Schaub*, Montgomery App. No. 22419, 2008- Ohio-4729, at ¶ 15.

Where the judgment from which relief is sought is a default judgment, any doubt should be resolved in favor of the movant so that cases can be decided on their merits. *GTE Automatic Elec., Inc.,* supra, at paragraph three of the syllabus; *Mount Olive Baptist Church v. Pipkens Paints and Home Improvement Ctr., Inc.* (1979), 64 Ohio App.2d 285, 287, 413 N.E.2d 850.

We review the trial court's determination of a Civ. R. 60(B) motion for an abuse of discretion. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122.

**{¶ 47}** As noted above, AEP moved for default judgment on November 22, 2016, based upon Defendants' failure to comply with discovery, retain new counsel and "defend this case." We agree with AEP that before the trial court Defendants "argued the merits of the underlying case" in their motion for relief from judgment and supplemental filings. In Defendants' February 17, 2017 motion, they argued that the default judgment "is unjust

as it is based on an Agreement signed fraudulently" and without authority by Amber Taylor, and that Defendants are accordingly not signatories thereto. Alternatively, they asserted that the Agreement was "obtained by Plaintiff pursuant to mistake or inadvertence." In their March 7, 2017 supplemental filing, Defendants attached Vemulapalli's affidavit, which is again addressed to Taylor's lack of authority to enter into the Agreement on Defendants' behalf. The same is true of the March 24, 2017 supplemental filing with the attached affidavits of employees Kishor and Woodard. In their April 4, 2017 replacement motion, the Vemulapallis' attached affidavits are addressed to Taylor's conduct in signing the Agreement, allegedly without authority.[1] We conclude that the trial court did not abuse its discretion in finding that "the fraud or misconduct purported to support [Defendants'] motion only speaks to conduct which could amount to a defense and does not satisfy the Civ.R. 60(B) requirement of 'fraud involved in the obtaining of judgment.' "

{¶ 48} We further conclude that the trial court did not abuse its discretion in finding that Defendants failed to demonstrate that they should be relieved from judgment due to any mistake or inadvertence on their part, pursuant to Civ.R. 60(B)(1). As the trial court noted, Defendants failed to obtain new counsel until February 17, 2017, and they failed to defend themselves in any manner. While Defendants argued in their replacement motion of April 4, 2017, that they provided timely discovery responses to AEP, citing Attorney Glanker's affidavit, it is well settled that a "party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal." *Doe v. Trumbull County Children Services*

---

[1] We note that the trial court appears to have only considered the initial filing of February 17, 2017.

*Bd.,* 28 Ohio St.3d 128, 502 N.E.2d 605 (1986), paragraph two of the syllabus. If Defendants believed that the trial court erred in finding that they failed to comply with the discovery order, their proper remedy was a direct appeal from the default judgment.

**{¶ 49}** On appeal herein, Defendants assert for the first time that the trial court abused its discretion in concluding that they failed to prove fraud or misconduct in obtaining the default judgment, pursuant to Civ.R. 60(B)(3). The two issues of whether "AEP committed fraud, misconduct, and misrepresentation" in obtaining attorney fees in the amount of $16,580.79, which were "precluded by law and unauthorized by the contract," and liquidated damages in the amount of $25,492.17, which were "precluded by Ohio law, not itemized, and allowed for a double recovery for attorneys' fees and compensation for action never taken," were not raised before the trial court. As AEP asserts, "[i]ssues not raised and tried in the trial court cannot be raised for the first time on appeal. *Republic Steel Corp. v. Bd. of Revision of Cuyahoga Cty.* (1963), 175 Ohio St. 179, 23 O.O.2d 462, 192 N.E.2d 47." *Holman v. Grandview Hosp. & Med. Ctr.,* 37 Ohio App.3d 151, 157, 524 N.E.2d 903 (2d Dist.1987).

**{¶ 50}** For the foregoing reasons, Defendants' assignment of error is overruled. Accordingly, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

WELBAUM, J., and TUCKER, J. concur

Copies mailed to:

Elizabeth Moyo
Allen T. Carter

Christopher J. Pagan
Hon. Dennis J. Adkins